[Civ. No. 14318. Third Dist. Feb. 13, 1974.]

ROBERT BOLES, Petitioner, v.
THE SUPERIOR COURT OF SAN JOAQUIN COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Robert N. Chargin, Public Defender, Ann M. Chargin, Assistant Public Defender, and Joel Carash, Deputy Public Defender, for Petitioner.

No appearance for Respondent.

Evelle J. Younger, Attorney General, and Garrick W. Chock, Deputy Attorney General, for Real Party in Interest.

**OPINION**

**REGAN, J.**—On November 14, 1973, petitioner filed a petition for writ of prohibition alleging, in general, that the provisions of section 1381 of the Penal Code were not complied with. On November 29, 1973, we granted an order to show cause.

### FACTS

On December 15, 1970, petitioner was convicted of forgery (Pen. Code, § 470) in San Joaquin County. On May 24, 1971, petitioner was sentenced to state prison. Imposition of this sentence was suspended for three years and petitioner was placed on formal probation.

On April 19, 1973, the Superior Court of San Joaquin revoked the order granting probation and issued a bench warrant for petitioner's arrest.

On June 7, 1973, petitioner was sentenced in Stanislaus County to six months in county jail, and on that date began his sentence. This apparently was the result of a violation of probation on a similar charge in Stanislaus County.

On June 7, 1973, petitioner sent to the District Attorney of San Joaquin County a request that he be removed to that county to answer the charge of violation of probation. The petitioner's request was received by the office of the district attorney, but the request did not come to the attention of the district attorney or any of his deputies. Petitioner served his sentence in the Stanislaus County jail.

Petitioner was then transported to the San Joaquin County jail where he was booked in on September 18, 1973. This was more than 90 days after receipt of the detainer notice by the District Attorney of San Joaquin County.

On September 20, 1973, petitioner was brought before the Superior Court of San Joaquin to show cause why probation should not be revoked. On October 18, 1973, petitioner filed a motion to dismiss the order to show cause pending against him pursuant to section 1381 of the Penal Code. The motion was denied. Petitioner contends that the trial court erred in denying his motion.

Section 1381 of the Penal Code provides, in pertinent part, as follows: "Whenever a defendant . . . has entered upon a term of imprisonment in a county jail for a period of more than 90 days . . . and at the time of the entry upon such term of imprisonment . . . there is pending, in any court of this state, any other indictment, information, complaint or any criminal proceeding *wherein the defendant remains to be sentenced,* the district attorney of the county in which such matters are pending shall bring the same defendant to trial or for sentencing within 90 days after such person shall have delivered to said district attorney written notice of . . . his desire to be brought to trial or for sentencing . . . ." (Italics added.)

The trial court denied petitioner's motion to dismiss on the basis that petitioner had been sentenced to state prison with imposition of sentence suspended for three years and that, therefore, this was not a case "wherein the defendant remains to be sentenced."

Petitioner contends: "To hold Section 1381 inapplicable to probation granted after suspending a state prison sentence, but to hold that it is applicable to probation granted after suspending the pronouncement of judgment constitutes an invidious discrimination not apparent in the statute."

In *People* v. *Arguello* (1963) 59 Cal.2d 475, 476 [30 Cal.Rptr. 333, 381 P.2d 5], the court states: "In granting probation after a conviction, the trial court may suspend the imposition of sentence, in which case no

judgment of conviction is rendered, or it may impose sentence and order the execution thereof stayed. In the latter case a judgment of conviction has been rendered. (*In re Phillips,* 17 Cal.2d 55, 58 [109 P.2d 344, 132 A.L.R. 644].)"

In *People* v. *Banks* (1959) 53 Cal.2d 370, 385-387 [1 Cal.Rptr. 669, 348 P.2d 102], the court, in discussing the problem we are here concerned with, comments: "It is, of course, express statutory law that 'When judgment upon a conviction is rendered, the clerk, or if there is no clerk, the judge, must enter the same in the minutes, stating briefly the offense for which the conviction was had, and the fact of a prior conviction, if any. A copy of the judgment of conviction shall be filed with the papers in the case.' (Pen. Code, § 1207.) Upon entry of such judgment and withholding of commitment the sentenced defendant is held in the custody, actual or constructive, of the court and is entitled to only such privileges as the court may affirmatively prescribe in its order. Mere stay of execution of an entered judgment manifestly does not entitle the defendant to his freedom or otherwise relieve him of the disabilities resulting from conviction and imposition of judgment of imprisonment in a state prison. So completely are his rights suspended and his status established that, in the event of any violation of the terms of probation, the court at any time during the probationary term may forthwith require his arrest and commit him to the prison authority. (See Pen. Code, §§ 2600, 1213, 1213.5, 1215; see also *id.,* §§ 1203-1203.4.) He is entitled to no hearing at this stage. (*In re Larsen* (1955) 44 Cal.2d 642, 646 [283 P.2d 1043]; *In re Levi* (1952) 39 Cal.2d 41, 44 [244 P.2d 403]; *In re Davis* (1951) 37 Cal.2d 872, 873 [236 P.2d 579].) All that is necessary to give the prison authority the right to his custody is for the court to declare that probation is revoked and to issue its commitment. In other words, at this stage of the proceedings no question remains as to any rights of the defendant. The sole question is within the discretion of the trial court: shall the custody (at least constructive) and jurisdiction over the defendant be retained by the court or transferred to the prison authority? The defendant, in either case, is a person convicted of felony and under sentence of imprisonment in a state prison.

"By contrast, the defendant whose guilt has been established (by plea, finding or verdict) but who has not been sentenced to prison, i.e., where probation has been granted and the proceedings have been suspended without entry of judgment, is subject to no disabilities whatsoever except those specifically declared by some other provision of law or affirmatively prescribed by the court as terms or conditions of probation. The probationer

in the latter case still retains his ordinary civil rights, unless the court has restricted them, among them being as a matter of law the right to a hearing and arraignment, with counsel, before judgment in the event that he is charged with a violation of the terms of his probation order. (*In re Levi* (1952) *supra,* 39 Cal.2d 41, 45-46.)"

At this point we note that upon the imposition of sentence as pronounced and its formal entry in the minutes, the trial court is without power to revise its deliberately exercised judicial discretion. (*In re Wimbs* (1966) 65 Cal.2d 490, 498 [55 Cal.Rptr. 222, 421 P.2d 70].) The purpose of a statute such as Penal Code section 1381 is to permit a defendant to obtain concurrent sentencing at the hands of the court in which the earlier proceeding is pending, if such is the court's discretion. (*Hayes* v. *Superior Court* (1971) 6 Cal.3d 216, 222 [98 Cal.Rptr. 449, 490 P.2d 1137]; *In re White* (1969) 1 Cal.3d 207, 211 [81 Cal.Rptr. 780, 460 P.2d 980].) If that court has already sentenced him, it no longer has the power to specify whether the sentence shall be concurrent with that imposed by the second court. It is the absence of concurrent sentencing power on the part of the first court which supplies the reason for not making the request procedure available to a probationer upon whom sentence has already been pronounced.

The petitioner here, having been sentenced to imprisonment, is thus subject to the disabilities of such judgment except that he has not been delivered to the custody of the prison authority. He is not a person "who remains to be sentenced" within the meaning of section 1381.

Petitioner contends that the equal protection clause requires that section 1381 apply to probationers who had sentences to state prison suspended as well as to probationers who had pronouncement of judgment suspended.

■ We disagree with this contention and in so doing we note the following language in *Whittaker* v. *Superior Court* (1968) 68 Cal.2d 357, 367-368 [66 Cal.Rptr. 710, 438 P.2d 358]: "It is clear, however, that neither the equal protection clause of the United States Constitution, nor those provisions of the state Constitution which embody the principle of equality before the law, proscribe legislative classification per se. ■ On the contrary such constitutional provisions, which in general assure that persons in like circumstances be given equal protection and security in the enjoyment of their rights [citation], permit classification 'which has a substantial relation to a legitimate object to be accomplished. . . .' [Citations.] So long as such a classification 'does not permit one to exercise the privilege while refusing it to another of like qualifications, under like conditions and circumstances, it is unobjectionable upon

this ground.' [Citations.] ■ Finally, it is to be observed that a classification based on legislative experience is presumed valid and will not be rejected unless plainly arbitrary. 'Statutory discrimination between classes which are in fact different must be presumed to be relevant to a permissible legislative purpose, and will not be deemed to be a denial of equal protection if any state of facts could be conceived which would support it.' [Citations.]" (Fns. omitted.)

■ Petitioner argues that to permit one group of probationers to avail themselves of the provisions of section 1381 but not the other group is unrelated to any legitimate state purpose.

Under the principles set forth in Whittaker, we disagree. There are several reasons for the two different methods of granting probation, e.g., the nature of the offense, the record of the defendant, the age of the defendant, extenuating circumstances, etc. We think the two methods provide the trial judge with a useful tool under the demands and exigencies of a particular case. In the one case, as here, the defendant has lost his opportunity (subject of course now to *People* v. *Vickers* (1972) 8 Cal.3d 451 [105 Cal.Rptr. 305, 503 P.2d 1313] hearings) to further consideration. In the other, there is the right to hearing and arraignment, with counsel, before judgment, in the event he is charged with a violation of the terms of his probation order. (*People* v. *Banks, supra,* 53 Cal.2d at p. 387.) Although *Vickers* would appear to apply in either case, this does not show a violation of equal protection. This takes nothing away from the ameliorating effects of section 1381 under a proper case. Petitioner was under sentence. As we have previously explained, there are valid reasons for the two methods of sentencing. We find nothing illegal in the difference of the application of section 1381 to petitioner as compared to a defendant who had his pronouncement of judgment suspended.

The order to show cause is discharged and the writ denied.

Richardson, P. J., and Friedman, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied April 10, 1974. Wright, C.J., and Tobriner, J., were of the opinion that the application should be granted.