[No. S156537. Mar. 9, 2009.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID ERIC WAGNER, Defendant and Appellant.

**COUNSEL**

John Doyle, under appointment by the Supreme Court, for Defendant and Appellant.

Bill Lockyer and Edmund G. Brown, Jr., Attorneys General, Mary Jo Graves and Dane R. Gillette, Chief Assistant Attorneys General, Michael P. Farrell, Assistant Attorney General, Charles A. French, Angelo S. Edralin, Brian G. Smiley and David Andrew Eldridge, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**CHIN, J.**—In this case we construe the statutory speedy sentencing provisions contained in Penal Code sections 1203.2a and 1381[1] with regard to defendants who are placed on probation with the imposition of sentence suspended for one offense and who, while still on probation, are convicted of an unrelated misdemeanor or felony and imprisoned in either county jail or state prison on the unrelated offense. We also consider how the two statutes relate to each other.

■ For a defendant placed on probation with imposition of sentence suspended who is subsequently incarcerated for a second offense, section 1203.2a provides that the court that granted probation "shall have jurisdiction to impose [the suspended] sentence" *if* the probationer asks the probationary court to impose sentence "in his or her absence and without him or her being represented by counsel." (§ 1203.2a.) Once the court receives a section 1203.2a request in a situation *"in which sentence has not previously been imposed,* the court is deprived of jurisdiction over defendant if it does not impose sentence and issue its commitment or make other final order terminating its jurisdiction over defendant in the case within 30 days after defendant has, in the manner prescribed by this section, requested imposition of sentence." (*Ibid.,* italics added.)

■ Section 1381 provides, in pertinent part, that a state prisoner may demand to be brought "for sentencing within 90 days" of giving appropriate notice to the district attorney where "any other indictment, information, complaint, or *any criminal proceeding wherein the defendant remains to be sentenced*" is currently pending. (Italics added.) "In the event that the defendant is not brought to trial or for sentencing within the 90 days the court in which the charge or sentencing is pending shall . . . *dismiss the action.*" (*Ibid.,* italics added.)

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

█ We first consider whether section 1203.2a was the exclusive sentencing procedure available to defendant David Eric Wagner, when he was subsequently incarcerated after having been placed on probation with imposition of sentence suspended, or whether he "remain[ed] to be sentenced" under section 1381 and therefore properly asked to be brought to the original trial court "for sentencing" within the time constraints of section 1381. As to this issue, we shall hold that defendant had a choice to request speedy sentencing based on his probation violation under either section 1203.2a or section 1381.

We next consider whether, when a trial court fails to comply with the 90-day time requirement of section 1381 after an incarcerated probationer has made a proper section 1381 demand for sentencing, the court must dismiss the conviction underlying the original grant of probation or simply dismiss the pending probation revocation proceeding. As to this issue, we shall conclude that, when the trial court fails to comply with the 90-day time requirement of section 1381, it must dismiss only the pending probation revocation proceeding, not the conviction underlying the original grant of probation.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 31, 2003, in Yolo County, defendant pleaded no contest to unlawfully transporting methamphetamine (Health & Saf. Code, § 11379, subd. (a)), and he admitted he had a prior conviction involving a controlled substance (Health & Saf. Code, § 11370.2). The trial court placed defendant on probation for three years under the provisions of Proposition 36, requiring participation in a drug treatment program. The court then suspended the imposition of sentence. On June 7, 2004, the 2003 grant of probation was summarily revoked. On October 29, 2004, defendant waived a hearing on formal revocation and admitted the alleged violation. The court reinstated probation that same day.

On February 2, 2005,[2] in an unrelated case in Sacramento County, defendant was convicted of receiving stolen property (§ 496, subd. (a)) and possessing a controlled substance (Health & Saf. Code, § 11377, subd. (a)). That trial court sentenced him to 16 months in state prison. The Yolo County probation office then filed a petition to revoke defendant's probation based on the new felony convictions on July 12, and on July 19 the Yolo Superior Court summarily revoked defendant's probation and issued a bench warrant for his arrest.

On July 19, a prison counselor advised defendant that a detainer had been filed against him, that he was wanted by the West Sacramento Police

---

[2] All further calendar references are to the year 2005 unless otherwise specified.

Department "on charges of [Health and Safety Code section] 11379 (a)," and that he could ask for a disposition of "untried charges in accordance with Section 1381 [Penal Code]."[3] On July 22, defendant mailed a section 1381 trial and sentencing notice and demand regarding his "Violation Prop 36 Case" to the Yolo County District Attorney. He signed a printed form, which referenced the instant case and demanded "a hearing and trial of said criminal action as prescribed by section 1381." The demand was stamped as received by the Yolo County District Attorney's Office on July 26.

In response to defendant's section 1381 demand, the Yolo Superior Court filed an order for removal ordering the sheriff to bring defendant from state prison to court to appear on the pending criminal proceeding. Defendant appeared in court on October 6, and requested that the probation matter be set for hearing and a preadmission report. The prosecutor in open court then mistakenly stated that her office had received defendant's section 1381 demand on July 28. Based on that statement, the court clerk calculated section 1381's 90-day deadline as October 26, rather than the correct date, which was October 24. Accordingly, the court set the probation revocation hearing for October 25, the 91st day after the receipt of defendant's section 1381 demand.

On October 25, defense counsel informed the court defendant had completed his prison sentence and was being held in custody only on the probation violation. Defense counsel noted a potential section 1381 or section 1203.2a timeliness issue and asked for time to file a "brief to dismiss because of the lack of jurisdiction" because sections "1203.2[a] and 1381 have time requirements." The following day, defense counsel reiterated that "[t]his is the 1381 case." On October 26, counsel entered a prospective time waiver to brief the timeliness issue after the prosecutor agreed it would not affect whether "the time has expired" to proceed with the probation violation.

At the hearing on December 2, defense counsel did not brief or orally argue the motion to dismiss under section 1381. Instead, after defendant testified that the prison counselor "decides whether you need a 1381" and instructs on how to proceed with the request, defense counsel claimed defendant's section 1381 demand must be deemed a section 1203.2a request

---

[3] In pertinent part, the form read as follows:

"YOU ARE HEREBY NOTIFIED (refer only to item(s) marked):

"You may request disposition of untried charges in accordance with Section 1381 [Penal Code]

"You may request disposition of probation in accordance with Section 1203.2a [Penal Code]"

There was a printed box to the left of each of the above request options. Only the section 1381 request option was marked with an "X." That X was part of the standard form; it was not written by hand.

and that the more stringent "30-day clock" of section 1203.2a had run by the time of the scheduled September 8 hearing.[4] Counsel claimed due process required dismissal because defendant sent a notice as instructed by a state employee and should not have been penalized for any defect in the notice.

The Yolo Superior Court rejected these arguments, reasoning that defendant had not made a demand to be sentenced within 30 days as required by section 1203.2a. Defendant then admitted the probation violation, and the court revoked probation and imposed a five-year prison sentence for defendant's 2003 conviction and accompanying enhancement.

The Court of Appeal reversed. It reasoned (1) the speedy sentencing rights provided by both sections 1381 and 1203.2a apply to a probation revocation proceeding where imposition of sentence had been suspended, (2) the Yolo Superior Court sentenced defendant in the probation revocation proceeding beyond the 90-day time period mandated by section 1381, (3) "[b]ecause counsel was ineffective in failing to timely move to dismiss, the revocation proceeding must be voided (as it should have been dismissed on this jurisdictional basis) and the sentence imposed at that proceeding must be vacated," and (4) "under section 1387 the People may refile the probation revocation proceeding, obtain a summary revocation of probation, and seek a revocation order and sentence (which accounts for all time served) before defendant's tolled probationary period ends on November 9, 2007."

Defendant and the Attorney General separately petitioned for review. We granted their petitions.

## II. DISCUSSION

### A. Background

#### 1. The Relevant Statutes

##### a. Section 1381

As originally enacted in 1931, section 1381 provided that a state prisoner may demand to be *brought to trial* within 90 days of giving appropriate notice to the district attorney where any other indictment or information was currently pending. (Stats. 1931, ch. 486, § 1, p. 1060.)

---

[4] He argued the "clock" started either when the district attorney received defendant's section 1381 notice on July 26 or when the trial court issued an order to produce defendant in court on August 3.

In 1971, section 1381 was amended to "[p]romote the speedy disposition of pending sentencings for defendants imprisoned in this state," and to "[a]id in the rehabilitation of such defendants by providing a means . . . to determine the length of their imprisonment on charges for which sentencing has not been accomplished." (Cal. Public Defender Assn., Dig. of Sen. Bill No. 1508 (1971 Reg. Sess.) as introduced Apr. 16, 1971, p. 2; Assem. Com. on Criminal Justice, Analysis of Sen. Bill No. 1508 (1971 Reg. Sess.) as introduced Apr. 16, 1971 [incorporating same].) That same year, the sanction for violating section 1381 was changed from dismissal of the "charge" to dismissal of the "action." (Stats. 1971, ch. 1556, § 1, p. 3079.) With the 1971 amendments to section 1381 and to its counterpart, section 1381.5 (for those incarcerated in federal custody), the Legislature intended to conform the two sections to the decision in *People v. Brown* (1968) 260 Cal.App.2d 745, 751 [67 Cal.Rptr. 288], which found that "[*t*]*he imposition of sentence* is an essential part of the speedy trial guaranteed to all accused." (Quoted by Cal. Public Defender Assn., Dig. of Sen. Bill No. 1508 (1971 Reg. Sess.) as introduced Apr. 16, 1971, p. 2, italics added.)

In relevant part, section 1381 now provides: "Whenever a defendant has been convicted, in any court of this state, of the commission of a felony . . . and has been sentenced to and has entered upon a term of imprisonment in a state prison . . . and at the time of the entry upon the term of imprisonment . . . there is pending, in any court of this state, . . . *any criminal proceeding wherein the defendant remains to be sentenced*, the district attorney of the county in which the matters are pending shall bring the defendant . . . *for sentencing* within 90 days after the person shall have delivered to said district attorney written notice of the place of his or her imprisonment . . . and his or her desire to be brought . . . for sentencing . . . . *In the event that the defendant is not brought to trial or for sentencing within the 90 days the court in which the charge or sentencing is pending shall*, on motion or suggestion of the district attorney, or of the defendant . . . , or on its own motion, *dismiss the action.*" (Italics added.)

### b. *Section 1203.2a*

When a defendant is placed on probation, the trial court has two options. It may choose to select a particular sentence, within the available sentencing range, that would go into effect if the grant of probation is subsequently revoked and not reinstated. The court revoking probation under those circumstances must impose the sentence previously imposed at the time of the grant of probation. This option is referred to as suspending the *execution* of sentence. Alternatively, the court granting probation may choose not to set a particular sentence that would be imposed if the grant of probation is subsequently revoked and not reinstated. In that case, the court

grants probation and then suspends the imposition of sentence. The court revoking probation and imposing sentence may choose any term of confinement within the statutory range based upon the convictions and enhancements underlying the original grant of probation. This option is referred to as suspending the *imposition* of sentence.

■ Since it was enacted in 1941, section 1203.2a has provided speedy sentencing procedures for probationers incarcerated for another offense. It provides one set of procedures for probation with the imposition of sentence suspended and other procedures for probation with the execution of sentence suspended.[5] As relevant here, section 1203.2a provides that, "[i]f any defendant who has been released on probation is committed to a prison in this state . . . for another offense, the court which released him or her on probation *shall have jurisdiction to impose sentence, if no sentence has previously been imposed for the offense for which he or she was granted probation,* in the absence of the defendant, on the request of the defendant made through his or her counsel, or by himself or herself in writing, *if . . . the defendant . . . states that he or she wishes the court to impose sentence in the case in which he or she was released on probation, in his or her absence and without him or her being represented by counsel.* [¶] The probation officer may, upon learning of the defendant's imprisonment, and must within 30 days after being notified in writing . . . , report such commitment to the court which released him or her on probation. [¶] . . . If sentence has not been previously imposed[,] and if the defendant has requested the court . . . to impose sentence . . . in his or her absence and without the presence of counsel to represent him or her, the court shall impose sentence and issue its commitment, or shall make other final order terminating its jurisdiction over the defendant in the case in which the order of probation was made. . . . *If the case is one in which sentence has not previously been imposed, the court is deprived of jurisdiction over defendant if it does not impose sentence and issue its commitment or make other final order terminating its jurisdiction over defendant in the case within 30 days after defendant has, in the manner prescribed by this section, requested imposition of sentence.* [¶] Upon imposition of sentence hereunder the commitment shall be dated as of the date upon which probation was granted. If the defendant is then in a state prison

---

[5] The imposition of sentence was suspended when defendant was placed on probation. We limit our discussion and analysis accordingly. When we refer to an incarcerated probationer in this opinion, we are referring to a probationer placed on probation with imposition of sentence suspended. We express no view as to whether section 1381 applies to a defendant in a probation violation proceeding who had received a specific prison sentence when placed on probation with execution of that sentence suspended. We simply note that one appellate court has held that probationers sentenced to a specific prison term and then placed on probation with the execution of sentence suspended fall outside the scope of section 1381.5, the speedy trial and sentencing statute for federal prisoners that is analogous to section 1381. (*Boles v. Superior Court* (1974) 37 Cal.App.3d 479, 484 [112 Cal.Rptr. 286].)

for an offense committed subsequent to the one upon which he or she has been on probation, the term of imprisonment of such defendant under a commitment issued hereunder shall commence upon the date upon which defendant was delivered to prison under commitment for his or her subsequent offense. . . . [¶] In the event the probation officer fails to report such commitment to the court or the court fails to impose sentence as herein provided, *the court shall be deprived thereafter of all jurisdiction it may have retained in the granting of probation in said case.*" (Italics added.)

### 2. *The Conflict in Our Appellate Courts*

There currently exist two conflicts in our appellate courts regarding these two statutes. One court has held that a defendant placed on probation with the imposition of sentence suspended must proceed under section 1203.2a, while others have held that a defendant may choose to request speedy sentencing under section 1381 or its counterpart for federal prisoners, section 1381.5.[6] With regard to the second conflict, assuming a defendant placed on probation with the imposition of sentence suspended may request speedy sentencing under section 1381 or section 1381.5, some courts have assumed that the "dismiss the action" consequence of failing to sentence such a defendant within the 90-day statutory limit requires dismissal of the probation violation proceedings, while one court has assumed that it requires dismissal of the convictions underlying the grant of probation. This opinion will address and resolve both conflicts.

### 3. *The Relevant Case Law*

Two years after section 1381 was amended to include speedy sentencing rights for a defendant serving a state prison commitment who has pending a criminal proceeding wherein he or she "remains to be sentenced," an appellate court considered the case of defendant Rudman, who, while on felony probation in Orange County with imposition of his sentence suspended, was convicted of a felony in another county and was imprisoned as a

---

[6] Because section 1381.5 and section 1381 afford similar rights to federal and state prisoners, respectively, cases interpreting one of these two sections are persuasive authority for interpreting the other. (*People v. Garcia* (1985) 171 Cal.App.3d 1187, 1191 [217 Cal.Rptr. 783].) Section 1381.5 permits federal prisoners with pending criminal state actions to request to be brought to court for trial or for sentencing in the state case. When the district attorney receives a defendant's demand, he or she "shall promptly inquire" of the federal warden "whether and when such defendant can be released for trial or for sentencing" in the state case. (*Ibid.*) The district attorney must bring the defendant to trial or for sentencing within 90 days of receiving word from the federal authorities that defendant will be released for trial or for sentencing. If the defendant is not brought to trial or for sentencing as provided, section 1381.5 states, "the court in which the action is pending shall, on motion or suggestion of the . . . defendant or his counsel, dismiss the action."

result of that felony conviction. (*Rudman v. Superior Court* (1973) 36 Cal.App.3d 22, 24 [111 Cal.Rptr. 249].) Rudman requested a hearing on his probation revocation in Orange County within 90 days under section 1381, but he did not get one. (*Rudman*, at pp. 23–25.) Rejecting the People's claim that the defendant was required to comply with section 1203.2a instead of section 1381, *Rudman* reasoned that "a defendant now has the option as to which procedure he wishes to follow. Under section 1381, he may demand sentencing at which he may appear and defend, in person and with counsel. Under the provisions of section 1203.2a, he may choose to waive his right to be present and represented by counsel and allow the court to impose sentence in his absence and without his being represented by counsel." (*Rudman*, at p. 27.) *Rudman* explained that, although "both sections contemplate speedy sentencing," they do not conflict with each other because they " 'were designed for different purposes.' " (*Ibid.*) It concluded that, "[s]ince Rudman was not given a hearing under section 1381 within 90 days of his demand and he did not consent to any delay, the violation of probation hearing must be dismissed." (*Ibid.*) The court issued a writ of mandate compelling the superior court to set aside its order revoking probation. (*Id.* at pp. 27–28.)

Since *Rudman*, most appellate cases considering the issue have agreed that a defendant placed on probation with imposition of sentence suspended and then incarcerated on a second charge may demand speedy sentencing in a pending probation revocation proceeding under either section 1381 or section 1203.2a. (See, e.g., *People v. Johnson* (1987) 195 Cal.App.3d 510, 514 [240 Cal.Rptr. 748] ["section 1381 provides an alternative procedure [to section 1203.2a] under which a probationer imprisoned for a subsequent offense may assert a right to prompt disposition of the earlier offense"]; *People v. Ruster* (1974) 40 Cal.App.3d 865 [115 Cal.Rptr. 572] [same], both disapproved on other grounds in *In re Hoddinott* (1996) 12 Cal.4th 992, 1005 [50 Cal.Rptr.2d 706, 911 P.2d 1381].)

The majority in *People v. Broughton* (2003) 107 Cal.App.4th 307 [133 Cal.Rptr.2d 161] (*Broughton*) disagreed with *Rudman* when it considered whether probationer Broughton was entitled to demand speedy sentencing under section 1381.5. While on felony probation with the imposition of sentence suspended in state court on two cases, Broughton violated her probation and began serving a federal commitment. While in federal custody, she filed with the district attorney a request for speedy sentencing under section 1381.5. Once she was released from federal custody, she moved to dismiss her state criminal actions based on the district attorney's failure to comply with section 1381.5. The trial court denied the motion and reinstated its previous orders of probation with a county jail condition. The Court of Appeal majority affirmed, holding that the speedy sentencing provisions of section 1381.5 apply "only to defendants who have not been . . . afforded an *initial sentencing hearing* following conviction, not probationers awaiting a

probation revocation hearing." (*Broughton*, at p. 311, italics added.) The majority acknowledged that, "if the trial court at a sentencing hearing suspends imposition of sentence and places the defendant on probation, the defendant has not yet been sentenced" (*ibid.*), but it reasoned that section 1381.5 was intended to apply only to persons whose cases never had been reduced to a "final, appealable order" (*Broughton*, at p. 322). Noting that an order granting probation is deemed to be " 'a final judgment' " from which an appeal may be taken (*id*. at p. 320), *Broughton* concluded that "a defendant who has been placed on probation has already been brought before the court 'for sentencing,' " (*id*. at p. 317) and does not remain "to be sentenced" within the meaning of section 1381 or section 1381.5 (*Broughton, supra*, 107 Cal.App.4th at pp. 319–320).

In defendant's case, the Court of Appeal agreed with *Rudman* and criticized the reasoning of *Broughton*'s majority. For the reasons stated below, we agree with the Court of Appeal and with *Rudman* that (1) a defendant placed on probation with imposition of sentence suspended who is subsequently imprisoned on another charge may opt to demand speedy sentencing under section 1381 rather than under section 1203.2a, and (2) the consequence for the probationary court's failure to meet the 90-day time limit set forth in section 1381 is only dismissal of the probation revocation proceedings, and not the dismissal of the convictions underlying the grant of probation.

B. *Analysis*

1. *Section 1203.2a Is Not the Exclusive Speedy Sentencing*
 *Procedure Available to Incarcerated Probationers*

We find nothing in section 1203.2a's language or legislative history that mandates it is the exclusive speedy sentencing procedure available to a defendant placed on probation with imposition of sentence suspended and then incarcerated for another offense.

"The purpose of section 1203.2a is to prevent inadvertent consecutive sentences which would deprive defendant of the benefit of section 669, providing that sentence shall be concurrent unless the court expressly orders otherwise. [Citations.]" (*People v. Ruster, supra*, 40 Cal.App.3d at p. 870.) Unlike section 1381's speedy sentencing procedure under which the incarcerated probationer asks to be brought to court to litigate the probation revocation and sentencing proceeding with representation of counsel, section 1203.2a requires an incarcerated probationer to give up the right to appear in court and the right to counsel during the probation revocation and sentencing proceeding. Section 1203.2a provides incentives for giving up the right to a

personal appearance and representation by counsel, including, for example, the right to obtain sentencing more quickly than under the speedy sentencing time requirements set forth in section 1381, and the right to have any term of imprisonment imposed thereunder "commence upon the date upon which defendant was delivered to prison under commitment for his or her subsequent offense." (§ 1203.2a.)

■ "[R]equests for sentencing pursuant to section 1203.2a must be in strict compliance with that section. [Citations.] . . . [I]f the court pronounces judgment in the absence of such a request and waiver, it violates the defendant's constitutional rights to have the assistance of and to be personally present with counsel. (*People* v. *Ruster, supra,* 40 Cal.App.3d at p. 871.)" (*People v. Willett* (1993) 15 Cal.App.4th 1, 7 [18 Cal.Rptr.2d 603].) "Under section 1203.2a, there is no prescribed time limit within which the probation officer and the court must act when imposition of sentence was previously suspended and there is no request for sentence, *waiving personal appearance,* by the probationer. . . . In a case where imposition of sentence was suspended, section 1203.2a permits a probationer to waive personal appearance and to request sentencing in his absence, which request initiates a 30-day period in which the court must act. [Citation.]" (*People v. Johnson, supra,* 195 Cal.App.3d at p. 515, italics added.)

■ Nothing in the language of section 1203.2a precludes the Legislature from providing an alternative procedure in which an incarcerated probationer may demand speedy sentencing *while retaining his or her right to be present with counsel* when sentence is imposed. Section 1381 now provides that an incarcerated defendant can demand to be brought to any court in which he or she has pending "any criminal proceeding wherein the defendant remains to be sentenced." The plain language of section 1381 encompasses a defendant placed on probation with imposition of sentence suspended and subsequently incarcerated for another offense because, "if the trial court at a sentencing hearing suspends imposition of sentence and places the defendant on probation, the defendant has not yet been sentenced." (*Broughton, supra,* 107 Cal.App.4th at p. 311.) Moreover, it would make sense for the Legislature to give incarcerated probationers the choice between the quick and easy procedure of section 1203.2a, or the slower procedure of section 1381 under which the probationer retains the right to appear with counsel.

As argued by defendant in rebuttal to the People's oral argument, an incarcerated probationer serving a lengthy term of imprisonment on an unrelated case may wish to waive the right to counsel and his or her personal appearance at sentencing on a probation violation when the maximum prison sentence that could be imposed on the violation is less than the sentence being served. Alternatively, an incarcerated probationer who is serving a

minimal prison sentence, but faces a potentially much longer prison term on a probation violation, may wish to assert his or her right to appear in court with counsel in order to argue for a mitigated term or the striking of an enhancement in addition to requesting a concurrent sentence.

 As discussed further below, we find no reason not to give effect to the plain language of both section 1203.2a and section 1381. Moreover, "[o]ur common practice is to 'construe[] statutes, when reasonable, to avoid difficult constitutional questions.' (*Le Francois v. Goel* (2005) 35 Cal.4th 1094, 1105 [29 Cal.Rptr.3d 249, 112 P.3d 636].)" (*In re Smith* (2008) 42 Cal.4th 1251, 1269 [73 Cal.Rptr.3d 469, 178 P.3d 446].) Consistent with that practice, we construe section 1203.2a to provide one procedure, but not a mandatory or exclusive procedure, for a defendant placed on probation with the imposition of sentence suspended and then incarcerated to request speedy sentencing on his or her original offense.

### 2. Section 1381 Also Applies to Incarcerated Probationers

 Nothing in either section 1203.2a or section 1381 suggests that an incarcerated probationer must waive counsel and the right to appear in order to receive speedy sentencing. Instead, "where probation has been granted and the proceedings have been suspended without entry of judgment, [the probationer] is subject to no disabilities whatsoever except those specifically declared by some other provision of law or affirmatively prescribed by the court as terms or conditions of probation. The probationer in [this] case still retains his ordinary civil rights, unless the court has restricted them, among them being as a matter of law the right to a hearing and arraignment, with counsel, before judgment [and imposition of sentence] in the event that he is charged with a violation of the terms of his probation order. (*In re Levi* (1952) . . . 39 Cal.2d 41, 45–46 [244 P.2d 403] . . . .)" (*People v. Banks* (1959) 53 Cal.2d 370, 386–387 [1 Cal.Rptr. 669, 348 P.2d 102]; see also *Boles v. Superior Court, supra,* 37 Cal.App.3d at pp. 483–484.)

 By its plain language, section 1381 appears to apply to incarcerated probationers facing a probation revocation based on the subsequent conviction that led to the current incarceration. It applies to any pending "criminal proceeding wherein the defendant remains to be sentenced." (*Ibid.*) We see no reason not to give effect to this plain language.

 "Under settled canons of statutory construction, in construing a statute we ascertain the Legislature's intent in order to effectuate the law's purpose. (*Dyna-Med, Inc. v. Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1386–1387 [241 Cal.Rptr. 67, 743 P.2d 1323].) We must look to the statute's words and give them their usual and ordinary meaning.

(*DaFonte v. Up-Right, Inc.* (1992) 2 Cal.4th 593, 601 [7 Cal.Rptr.2d 238, 828 P.2d 140].) The statute's plain meaning controls the court's interpretation unless its words are ambiguous." (*Green v. State of California* (2007) 42 Cal.4th 254, 260 [64 Cal.Rptr.3d 390, 165 P.3d 118].)

As the Court of Appeal noted, "the principal purpose 'of section 1381 "is to permit a defendant to obtain concurrent sentencing at the hands of the court in which the earlier proceeding is pending, if such is the court's discretion." ' "

 Here, the plain meaning of the phrase "there is pending . . . any criminal proceeding wherein the defendant remains to be sentenced" (§ 1381) includes a probation revocation proceeding in which the imposition of sentence was suspended when probation was granted. We note that even the *Broughton* majority, while ultimately interpreting this phrase to mean the "initial sentencing hearing" rather than the sentencing hearing following probation revocation, conceded that, "if the trial court at a sentencing hearing suspends imposition of sentence and places the defendant on probation, the defendant has not yet been sentenced . . . ." (*Broughton, supra,* 107 Cal.App.4th at p. 311.)[7]

 Nothing in the plain language of section 1381 or 1381.5 suggests that the sections were intended to exclude defendants who were placed on probation with the imposition of sentence suspended. The *Broughton* majority based the exclusion of such defendants, in part, on the existence of section 1203.2a's speedy sentencing procedures for situations in which the imposition or the execution of sentence was suspended. Again, we agree with the Court of Appeal that "the *Broughton* majority failed to account for substantive distinctions between sections 1381 and 1203.2a. [Citation.] Under section 1203.2a, a defendant may request imposition of sentence only if he waives the right to be present and have counsel represent him at the hearing; in other words, speedy sentencing under section 1203.2a is sentencing in absentia. In contrast, section 1381 gives the defendant an opportunity to appear before the court with counsel, so that he may defend against the probation revocation charges, the sentence, or both. [Citations.]" Applying the plain meaning doctrine to the relevant portion of section 1381, we conclude that, "[d]uring the period that the imposition of judgment and sentence is suspended a defendant 'remains to be sentenced' within the contemplation of section 1381. [Citation.]" (*People v. Ruster, supra,* 40 Cal.App.3d at p. 872.)

---

[7] In *People v. Banks, supra,* 53 Cal.2d at page 385, this court explained that "[u]pon pronouncement of 'sentence of imprisonment in a state prison for any term less than life' (Pen. Code, § 2600)[,] the defendant acquires the legal status of a person who has been both convicted of a felony and sentenced to such imprisonment." (Italics omitted.)

### 3. *Dismissal of Pending Probation Revocation Proceeding Is the Consequence for Failing to Comply with Section 1381*

*Broughton* reached a different conclusion from the *Rudman* court. The *Broughton* majority believed that section 1381.5 entitled a defendant "to be 'brought . . . for sentencing' within the time constraints of section 1381.5, with the consequence of the failure to do so dismissal *of the underlying conviction.*" (*Broughton, supra,* 107 Cal.App.4th at p. 316, italics added.)[8] After acknowledging that any statutory construction analysis " 'begin[s] by examining the language of the statute,' " *Broughton* relied on the " ' "principle of statutory interpretation that language of a statute should not be given a literal meaning if doing so would result in absurd consequences which the Legislature did not intend." [Citation.]' " (*Broughton, supra,* 107 Cal.App.4th at p. 316.) The *Broughton* majority stated that, "[i]f sections 1381 and 1381.5 were to apply to probation revocation hearings, the 'action,' not the pending proceeding, must be dismissed if the defendant is not brought to the hearing in the manner prescribed by those sections. Such a dismissal would lead to the peculiar result that a probationer could have a conviction dismissed under a 'speedy trial' statute months or even years after the conclusion of his or her trial and appearance at a timely sentencing hearing at which imposition of sentence was waived in favor of probation. [¶] In tacit recognition that [the Legislature could not have intended such a result, the *Rudman* court] simply ignored the express statutory command to dismiss 'the action' and, without any analysis or explanation, directed the trial court to dismiss only the probation violation charge. [Citation.] A far more reasonable construction of the statute is to limit its application to defendants awaiting an initial sentencing hearing." (*Broughton, supra,* 107 Cal.App.4th at p. 317.) In this statement, in the course of reaching its conclusion that section 1381 applies only to "defendants awaiting an initial sentencing hearing," the *Broughton* majority simply assumed, without significant analysis, that the sanction for violating the 90-day rule of section 1381 is dismissal of the original conviction. That assumption is not entitled to much weight because the "summary and conclusory nature of [a] decision . . . , virtually devoid of reasoning, undermines its status as substantial authority." (*City of Berkeley v. Superior Court* (1980) 26 Cal.3d 515, 533 [162 Cal.Rptr. 327, 606 P.2d 362].)

In any event, we conclude that *Broughton*'s statutory interpretation may " 'lead to absurd results' " that " 'are to be avoided.' " (*People v. Loeun* (1997) 17 Cal.4th 1, 9 [69 Cal.Rptr.2d 776, 947 P.2d 1313].) The language at issue includes the 1971 amendments to section 1381 and reads, in pertinent part, as follows: "Whenever a defendant has been convicted . . . [of a felony or

---

[8] The People have adopted this interpretation, suggesting that an incarcerated defendant could pursue speedy sentencing under section 1381, "while hoping for a technical error . . . which might eliminate that same conviction."

misdemeanor], . . . and at the time of the entry upon the term of imprisonment . . . *there is pending*, in any court of this state, any other indictment, information, complaint, or *any criminal proceeding wherein the defendant remains to be sentenced*, . . . [i]n the event that the defendant is not brought to trial or *for sentencing* within the 90 days the court *in which the charge or sentencing is pending shall . . . dismiss the action*." (§ 1381, italics added.)

In this context, the phrase "dismiss the action" refers back to the *action that is pending*, in this case, the probation revocation proceeding. (§ 1381.) The 1971 addition of the phrases "any criminal proceeding wherein the defendant remains to be sentenced" and "or for sentencing" necessitated a concomitant modification of the consequence for failure to meet the 90-day requirement from "dismiss the charge," which would apply if there is pending an "indictment, information, complaint," to a word that would encompass both dismissal of the charges and dismissal of "any criminal proceeding wherein the defendant remains to be sentenced." (*Ibid.*) As the Court of Appeal aptly noted, "Black's Law Dictionary defines 'action' broadly as a 'civil or criminal judicial proceeding.' (Black's Law Dict. (7th ed. 1999) p. 28.) Under this definition, a probation revocation proceeding is an action." Reading the above language as the *Broughton* majority suggests would mean that the failure to abide by the 90-day time requirement of section 1381 could force a court to dismiss the charges against a defendant who years earlier had either admitted the charges by a plea of guilty or no contest or was found guilty by trial. We conclude that the Legislature would not have intended such an absurd result when it expanded the speedy trial provisions in section 1381 to include "*any* criminal proceeding wherein the defendant remains to be sentenced." (§ 1381, italics added.)[9]

We also disagree with *Broughton*'s claim that the "fundamental policies advanced by speedy trial statutes such as section 1381.5—avoiding prolonged imprisonment, limiting anxiety attendant to an unresolved criminal charge,

---

[9] In addition to the current language of section 1381 quoted above, the statute provides, in relevant part, as follows: "If a charge is filed against a person during the time the person is serving a sentence in any state prison . . . it is hereby made mandatory upon the district attorney . . . to bring it to trial within 90 days after the person shall have delivered to said district attorney written notice of the place of his or her imprisonment . . . and his or her desire to be brought to trial upon the charge, unless a continuance is requested or consented to by the person, . . . in which event the 90-day period shall commence to run anew from the date to which the request or consent continued the trial. In the event the action is not brought to trial within the 90 days the court in which the action is pending shall, on motion or suggestion of the district attorney, or of the defendant or person committed to the custody of the Director of Corrections . . . , or on its own motion, *dismiss the charge*." (Italics added.) Use of the word "charge" in this context leaves no doubt that the entire criminal proceeding must be dismissed under these circumstances. On the other hand, the statute's use of the phrase "dismiss the action" in the circumstance at issue in this case suggests that, when the defendant only remains to be sentenced, a less draconian sanction is contemplated.

reducing the effect of lapse of time on trial witnesses and providing the opportunity for imposition of concurrent sentence," are not "similarly implicated" by a probationer. (*Broughton, supra,* 107 Cal.App.4th at p. 319.) As noted above, one "purpose of section 1203.2a is to prevent inadvertent consecutive sentences" (*People v. Ruster, supra,* 40 Cal.App.3d at p. 870), thereby avoiding prolonged imprisonment and limiting anxiety attendant to an unresolved criminal matter.

### 4. *Defendant's Probation Has Not Terminated in This Case*

In pertinent part, subdivision (a) of section 1387 provides that "[a]n order terminating an action pursuant to this chapter [which includes section 1381,] . . . is a bar to any other prosecution for the same offense if it is a felony . . . and the action has been previously terminated pursuant to this chapter . . . ."

■ We agree with the Court of Appeal that section 1387 allows the People "an opportunity to refile the probation revocation proceeding within defendant's probationary period" after a dismissal of the revocation proceedings under section 1381. Section 1387 refers to an "action [that] has been previously terminated pursuant to this chapter" (§ 1387, subd. (a)), and actions to revoke probation that are dismissed under section 1381 for a violation of the 90-day rule are terminated under the same chapter (i.e., 8) as section 1387. While section 1387 does not by its terms say anything about the refiling of actions to revoke probation, we read the term "any other prosecution" as encompassing a second filing of an action to revoke probation. We have concluded that the "action" to be dismissed in the case of a prisoner who was placed on probation with imposition of sentence suspended and was subsequently incarcerated on another charge who has sought but not received speedy sentencing under section 1381 is the proceeding to revoke probation and impose sentence. That holding could be unfair to prisoners if the only consequence of noncompliance with the 90-day requirement of section 1381 were the dismissal of the proceeding to revoke probation. Under such a rule, after a prisoner demanded sentencing under section 1381, the People or the court could neglect to act, the action could be dismissed after 90 days, and this cycle could occur repeatedly until the opportunity for concurrent sentencing was lost though the passage of time. Such an interpretation of the interplay between section 1381 and section 1387 would eviscerate section 1381 as a procedural protection and would frustrate the Legislature's intent to "[p]romote the speedy disposition of pending sentencings" for imprisoned defendants. (Assem. Com. on Criminal Justice, Analysis of Sen. Bill

No. 1508 (1971 Reg. Sess.) as introduced Apr. 16, 1971.) Because section 1387 permits a single refiling of the petition to revoke probation at any time during a defendant's probationary period, we consider whether defendant's probation has terminated in this case.

The Court of Appeal concluded the actual date defendant's probation would end was November 9, 2007. It first noted that defendant's probation began on October 31, 2003, and that, absent any tolling, the People "would have lost the opportunity to refile the probation revocation proceeding under section 1387 after October 31, 2006, because a probation revocation order must naturally be made within the probationary period." Noting that summary revocation of probation tolls the running of the probationary period (§ 1203.2, subd. (a)), the Court of Appeal then reasoned, "However, defendant's probation was summarily revoked on two occasions during that three-year period . . . [¶] . . . from June 7, 2004, until October 29, 2004, when defendant was reinstated on probation . . . [and] from July 12, 2005, to February 27, 2006, when defendant was sentenced to the five years in prison for the offenses underlying his Yolo County probation. The total period of tolling was 374 days."

The People contend probation was never reinstated after it was summarily revoked on July 12, 2005. They count October 31, 2003, as "day one" of the three-year probationary period, or "1,095 days." They argue "day 221 of that period elapsed 220 days later, on June 7, 2004. [¶] On June 7, 2004, probation was summarily revoked. . . . [B]y statute [(§ 1203.2, subd. (a))] the running of the period was tolled on the days between (but not including) June 7 and October 29. . . . [C]ounting October 29, 2004, as day 222 of the probationary period, it follows that day 478 of that period elapsed 256 days later, on July 12, 2005. [¶] On July 12, 2005, probation was again summarily revoked. Probation was never reinstated. Instead: (1) on February 17, 2006, [defendant] admitted he violated the conditions of probation; (2) on February 27, 2006, the court found [defendant] unsuitable for probation and denied his request for release on probation; and (3) on February 27, 2006, the court terminated its jurisdiction over [defendant] by committing him to state prison for the 2003 conviction. [¶] . . . [M]ore than 600 days remained of the three-year probationary period when the running of the period was tolled on July 12, 2005, and that period never resumed running."

 "The revocation, summary or otherwise, shall serve to toll the running of the probationary period." (§ 1203.2, subd. (a).) Although we conclude that the probation revocation proceeding that was pending when defendant requested speedy sentencing must be dismissed under section 1381, the trial court did not have the benefit of hindsight. Probation was summarily revoked on July 12, 2005. On October 25, 2005, the trial court properly

denied the motion to dismiss *based on the section 1203.2a motion before it.* The court's decision, on February 27, 2006, not to reinstate probation and to sentence defendant to five years in state prison constituted a formal revocation that tolled the probationary period. (§ 1203.2, subd. (a).) As the People correctly point out, this is true because "the trial court's probationary jurisdiction did not survive the commitment of [defendant] into the custody of the executive branch for incarceration. (*People v. Karaman* (1992) 4 Cal.4th 335, 344–345 [14 Cal.Rptr.2d 801, 842 P.2d 100].)" In any event, in this case, where there is no statutory exception, " '[t]he filing of a valid notice of appeal vests jurisdiction of the cause in the appellate court until determination of the appeal and issuance of the remittitur' [citation] and deprives the trial court of jurisdiction to make any order affecting the judgment [citation]." (*People v. Lockridge* (1993) 12 Cal.App.4th 1752, 1757 [16 Cal.Rptr.2d 340].) The People are correct that, "even assuming the probationary period had continued to run between July 12, 2005, and March 1, 2006, the result would merely be that day 710 of the probationary period elapsed on March 1, 2006 (the date of the filing of the notice of appeal).[10] That would still leave more than a year on the probationary period, to commence running once there was issuance of the remittitur." We agree.[11]

## III. DISPOSITION

The judgment of the Court of Appeal is affirmed to the extent that it ordered Yolo County Superior Court to void the challenged probation revocation and sentencing proceeding (as it should have been dismissed on jurisdictional grounds) and vacate the sentence imposed at that proceeding. Defendant's probation has been tolled, at a minimum, between June 7, 2004, and October

---

[10] We disapprove of language to the contrary in *People v. Tapia* (2001) 91 Cal.App.4th 738, 741 [110 Cal.Rptr.2d 747].

[11] We note that we cannot adopt defendant's interpretation of the statutory tolling provisions for the additional reason that it ignores the plain language of section 1203, subdivision (a), and leads to an absurd result that the Legislature could not have intended. (See *Green v. State of California, supra,* 42 Cal.4th at p. 260; *People v. Shabazz* (2006) 38 Cal.4th 55, 67–68 [40 Cal.Rptr.3d 750, 130 P.3d 519]; *DaFonte v. Up-Right, Inc., supra,* 2 Cal.4th at p. 601; *Dyna-Med, Inc. v. Fair Employment & Housing Com., supra,* 43 Cal.3d at pp. 1386–1387.) Had defense counsel provided effective assistance and properly moved for a dismissal based on section 1381, the People would have had the opportunity to refile the petition to revoke probation at that point, and the trial court would have retained the ability to revoke probation and sentence defendant to state prison. Alternatively, under defendant's analysis, because defense counsel provided him ineffective assistance by failing to make the motion to dismiss based on section 1381, the People are precluded from refiling the petition to revoke probation. Under defendant's interpretation of section 1203(a), defendant benefits from his counsel's ineffective assistance, while the People are penalized because the trial court sentenced defendant to state prison based on the ineffective assistance of defendant's trial counsel.

29, 2004, and from the date of his notice of appeal (Mar. 1, 2006) until the appellate process is final and the remittitur issues. The matter is remanded to the Court of Appeal for further proceedings consistent with this decision.

George, C. J., Kennard, J., Baxter, J., Werdegar, J., Moreno, J., and Corrigan, J., concurred.

Appellant's petition for a rehearing was denied April 15, 2009.