Filed 5/16/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B291670 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA100408) |
| v. | |
| JOSEPH SMITH, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Jesse I. Rodriguez, Judge.  Affirmed.

Lori A. Quick, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Zee Rodriguez, Supervising Deputy Attorney General, Noah P. Hill and Stephanie C. Santoro, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \*

Under Penal Code section 1381, a criminal defendant who is sentenced to a crime has a right to demand that he be brought to trial and sentenced within 90 days in any other "pending . . . criminal proceeding," anywhere in the state, in which he "remains to be sentenced." (Pen. Code, § 1381.)[1] Does section 1381 apply to a proceeding in which the trial court imposed a specific sentence on defendant, suspended execution of that sentence, and placed defendant on probation? Our Supreme Court left that question unanswered in *People v. Wagner* (2009) 45 Cal.4th 1039, 1050, fn. 5 (*Wagner*). We conclude that the answer is "No." Accordingly, we affirm the trial court's identical conclusion.

## FACTS AND PROCEDURAL BACKGROUND

**I. Facts**

### A. *Underlying crime*

Joseph Smith (defendant) sold $13,800 in automotive repair equipment to his landlord in lieu of paying unpaid back rent, but absconded with that equipment when he vacated the premises. The People charged defendant with grand theft of personal property (§ 487, subd. (a)). In late 2015 and early 2016, defendant pled no contest to the charge and was placed on formal probation for three years, which included a requirement that he make restitution to the landlord.

In January 2017, the trial court found defendant in violation of his probation and sentenced him to county jail for three years, but suspended execution of that sentence and again placed him on probation.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

## B.  *The San Diego charges*

In July 2017, prosecutors in San Diego County charged defendant with (1) assault with a deadly weapon (§ 245, subd. (a)(1)), and (2) inflicting corporal injury upon a spouse or cohabitant (§ 273.5).  On August 22, 2017, defendant pled guilty to making criminal threats (§ 422) and was sentenced to two years in state prison.

## C.  *Defendant's section 1381 demand*

On August 28, 2017, defendant sent a letter to prosecutors in Los Angeles County demanding, pursuant to section 1381, that he be sentenced in the grand theft case within 90 days.  On September 6, 2017, the trial court revoked defendant's probation and issued a bench warrant for his arrest.  On September 18, 2017, the People submitted to the court a proposed removal order to bring defendant from his current custody placement to Los Angeles County to resolve the pending probation matter; the trial court signed the order the next day.

For reasons undisclosed in the record, defendant was not brought to Los Angeles until June 2018.

Defendant moved the court to dismiss the probation revocation proceeding for violating section 1381.  The trial court denied the motion on two grounds.  First, the court ruled that defendant did not "come[] within the purview of [section] 1381" because that section applies to defendants who "remain[] . . . to be sentenced" and defendant had already "been sentenced" in the prior case.  Second, and in the alternative, the court found that the People had exercised sufficient "diligence" to comply with section 1381's mandate to bring defendant to trial or sentencing within 90 days because the prosecutor had sought the removal order.

3

After defendant admitted that he had violated his probation by committing the crime in San Diego County, the court terminated probation and sentenced defendant to three years in county jail, but granted him 180 days of custody credit. The court also rejected defendant's further motion for resentencing.

Defendant timely appealed.

## DISCUSSION

Defendant argues that the trial court erred in denying his motion to dismiss the probation revocation proceedings for violating section 1381. Because the resolution of this question turns on issues of statutory interpretation and the application of the law to undisputed facts, our review is de novo. (*People v. Prunty* (2015) 62 Cal.4th 59, 71 [statutory interpretation]; *Boling v. Public Employment Relations Bd.* (2018) 5 Cal.5th 898, 912 [undisputed facts].)

In pertinent part, section 1381 provides that "[w]henever a defendant has been convicted, in any court of this state, of the commission of a felony . . . and has been sentenced to and has entered upon a term of imprisonment in a state prison or . . . in a county jail for a period of more than 90 days," and if "*there is pending*, in any court of this state, any other indictment, information, complaint, or *any criminal proceeding wherein the defendant remains to be sentenced*, the district attorney of the county in which the matters are pending shall bring the defendant to trial or for sentencing within 90 days" after the defendant "deliver[s] to said district attorney written notice" demanding compliance with this provision. (§ 1381, italics added.) The penalty for noncompliance is "dismiss[al of] the action." (*Ibid.*)

4

Does this language apply to a probation violation proceeding in which the defendant was previously sentenced to a specific term when execution of that sentence has been suspended?  We conclude that the answer is "no," and do so for two reasons.

First, the plain text of section 1381 dictates that its protections apply only when a defendant "remains to be sentenced."  As our Supreme Court recently held in *People v. Scott* (2014) 58 Cal.4th 1415 (*Scott*), "a defendant is 'sentenced' when a judgment imposing punishment is pronounced even if the execution of the sentence is then suspended."  (*Id.* at pp. 1423, 1426.)  Although *Scott* examined when a defendant was "sentenced" for purposes of the Realignment Act of 2011, the issue in *Scott* and the issue under section 1381 is the same one: Has a defendant been "sentenced" when a court has imposed a sentence but suspended its execution?  As our Supreme Court held as far back as the first day of the Battle of Gettysburg, "[i]f the same words, in the same or similar contexts, have elsewhere received a definite construction, the authority is entitled to the same weight . . . ."  (*Cohen v. Wright* (1863) 22 Cal. 293, 312; *Mercer v. Department of Motor Vehicles* (1991) 53 Cal.3d 753, 763 [same].)  Not surprisingly, courts interpreting the phrase "remains to be sentenced" under section 1381—as well as its sister provision addressing pending matters in federal court, section 1381.5—have interpreted the language "remains to be sentenced" *not* to apply to a sentence that is imposed but whose execution has been suspended.  (*Boles v. Superior Court* (1974) 37 Cal.App.3d 479, 483 (*Boles*) [section 1381]; *In re Flores* (1983) 140 Cal.App.3d 1019, 1022 [section 1381.5].)  Because the plain text

5

of section 1381 provides the answer, our inquiry starts and ends there. (*Lee v. Hanley* (2015) 61 Cal.4th 1225, 1232-1233.)

Second, the primary purpose animating section 1381 is not served by applying the statute where a defendant's sentence has been imposed and only its execution is stayed. The "'principal purpose'" of section 1381 is to "'to permit a defendant'" the opportunity "'to obtain concurrent sentencing at the hands of the court in which the earlier proceeding is pending . . .' [Citation]." (*Wagner*, *supra*, 45 Cal.4th at p. 1056.) Where, as here, "the court has actually imposed sentence, and the defendant has begun a probation term representing acceptance of that sentence, then the court has no authority, on revoking probation, to impose a lesser sentence at the precommitment stage." (*People v. Howard* (1997) 16 Cal.4th 1081, 1095 (*Howard*); § 1203.2, subd. (c) ["[I]f the judgment has been pronounced and the execution thereof has been suspended, the court may revoke the suspension and order that the judgment shall be in full force and effect."].) Because a court that has previously imposed but suspended the execution of a sentence is bound to impose that very same sentence, that court lacks the power to alter that sentence to run it concurrently with anything else; thus, section 1381's raison d'etre is simply not implicated. (Accord, *Boles*, *supra*, 37 Cal.App.3d at p. 484 ["If that court has already sentenced [a defendant], it no longer has the power to specify whether the sentence shall be concurrent with that imposed by the second court."].)

Defendant resists this conclusion with five arguments.

First, he argues that a defendant who is on probation subject to a previously imposed sentence whose execution is suspended still "remains to be sentenced" under section 1381

6

because the trial court still retains its power, under section 1170, subdivision (d), to "recall" that sentence "within 120 days of the date of [the defendant's] commitment" to custody and to "resentence the defendant" to a new and lesser sentence. (§ 1170, subd. (d).) We reject this argument because it overlooks that a court's power to recall and resentence under section 1170, subdivision (d) does not come into being until a defendant is *sentenced and committed to custody*, and thus does not grant any resentencing discretion to a court at the time the defendant is *sentenced*; in this latter situation, which is what is at issue here, the court must impose a previously imposed but stayed sentence. (*Howard, supra*, 16 Cal.4th at p. 1084; *Scott, supra*, 58 Cal.4th at p. 1425.)

Second, defendant contends that there are good policy reasons why section 1381 should apply to *all* sentences imposed whenever probation is terminated, including those previously imposed but whose execution had been suspended. Drawing on section 1381's pedigree as a declaratory supplement to the constitutional right to a speedy trial (*Barker v. Municipal Court of Salinas Judicial Dist.* (1966) 64 Cal.2d 806, 812-813), defendant cites several purposes served by the constitutional guarantee and, by extension, section 1381: (1) "avoiding prolonged imprisonment"; (2) "limiting anxiety attendant to an unresolved criminal charge"; and (3) "reducing the effect of lapse of time on trial witnesses and providing the opportunity for imposition of concurrent sentence[s]." (*Wagner, supra*, 45 Cal.4th at pp. 1058-1059.) We reject defendant's policy-based contention because it ignores the plain text of section 1381, which extends the statute's protections only to those defendants who "remain to be sentenced." It is not for us to decide whether it would have

7

been better public policy for our Legislature to have gone further than it did, and the line our Legislature drew is a rational one given that several of the above cited concerns simply do not apply when a fixed sentence has already been imposed. (Accord, *Boles*, *supra*, 37 Cal.App.3d at pp. 484-485 [rejecting equal protection-based challenge to section 1381's inapplicability to persons subject to sentences whose execution has been suspended].)

Third, defendant urges that *Boles* is a relic of the past because it was decided 37 years prior to *Wagner* and because our Supreme Court in *Wagner*, rather than endorsing *Boles*, instead chose to leave its holding unaddressed. *Boles*'s age is of no concern because, as discussed above, its holding and rationale still hold up today. And *Wagner*'s refusal to embrace *Boles*'s holding was not a product of disdain or distrust so much as a reflection of the Court's decision to adhere to the jurisprudential wisdom against reaching issues not squarely presented in a case. *Wagner* addressed whether section 1381 applies to a sentence whose *imposition* was stayed, while *Boles* addressed whether section 1381 applies to a sentence whose *execution* was stayed. Contrary to what defendant suggests, our Supreme Court's decision not to offer dicta on an issue not before it was not an indictment of the lower court's decision on that issue. (See *Santisas v. Goodin* (1998) 17 Cal.4th 599, 620 [appellate decisions are authority "only 'for the points actually involved and actually decided'"].)

Fourth, defendant cites the rule of lenity and asserts that any ambiguity in the meaning of section 1381 should be construed in his favor. We reject this assertion because the meaning of "remains to be sentenced" is, like the meaning of "sentenced" at issue in *Scott*, not ambiguous; as such, the rule of

8

lenity does not apply. (*Scott, supra*, 58 Cal.4th at p. 1426 [so holding].)

Lastly, defendant argues that section 1203.2, subdivisions (a) and (b)(1), grant a court revoking probation broad discretion to decide among a "a panoply of dispositions" including modifying, reinstating or terminating probation. Because neither subdivision distinguishes between cases where the imposition of sentence is suspended rather than its execution, defendant continues, nor should we. We reject this argument because it ignores subdivision (c) of section 1203.2, which *does* draw a distinction between cases where what is suspended is imposition rather than execution and, as to execution, requires that the court, upon termination of probation, "order that the [previously imposed] judgment shall be in full force and effect." (§ 1203.2, subd. (c).)

In light of our conclusion that section 1381 does not apply, we have no occasion to decide whether the People complied with its provisions in this case.

9

**DISPOSITION**

The judgment is affirmed.

**CERTIFIED FOR PUBLICATION.**


_____, J.
HOFFSTADT

We concur:


_____, P. J.
LUI


_____, J.
ASHMANN-GERST