Opinion
MOORE, Acting P. J.
Generally, a crime occurs when a person commits a wrongful act (an actus reus) with the requisite criminal intent (a mens rea). In *1168 some cases, a person’s failure to act (an omission) constitutes the actus reus. In California, it is a crime when a person willfully fails to timely file a state tax return (the actus reus) with the intent to evade paying the taxes that are owed (the mens rea). (Rev. & Tax. Code, § 19706.)[1]
Here, the prosecution introduced evidence at a preliminary hearing showing that Blake A. Hudson failed to timely file tax returns for three consecutive years in which he owed: $21,974; $27,205; and $6,505, respectively. Hudson had filed returns in other years and the Franchise Tax Board (FTB) had repeatedly notified Hudson of his duty to file his tax returns. As a result, the magistrate bound Hudson over for trial, and the superior court denied his motion to set aside the information. (Pen. Code, § 995, subd. (a)(2)(B).)
Hudson argues that there was insufficient evidence to show his intent to evade paying taxes. We disagree. In addition to evidence of Hudson’s failure to timely file tax returns (the actus reus), the evidence of Hudson’s intent to evade paying taxes (the mens rea) includes (1) the considerable amount of taxes Hudson actually owed in multiple years; (2) the FTB’s repeated notifications; and (3) Hudson’s prior filing history. Thus, there was some rational ground for the magistrate to assume that when Hudson failed to timely file his tax returns he intended to evade paying the taxes that he owed.
Nevertheless, Hudson argues that in order to prove his intent, the prosecution needed to show an additional affirmative act of fraud under section 19706. He is mistaken. Hudson’s willful failure to timely file tax returns was the sole actus reus required to be shown under section 19706. This court cannot rewrite the statute.
Hudson’s argument is based on a United States Supreme Court opinion interpreting a federal tax law. (Spies v. United States (1943) 317 U.S. 492 [87 L.Ed. 418, 63 S.Ct. 364] (Spies).) But unlike our state statute, the federal tax law at issue in Spies does not explicitly make the failure to timely file a tax return a criminal act. That distinction is ultimately fatal to Hudson’s claim in this writ proceeding.
I
FACTUAL AND PROCEDURAL SUMMARY
In a felony complaint, the prosecution charged Hudson with three counts of willfully failing to timely file tax returns for three consecutive years with the *1169 intent to evade paying a tax. (§ 19706.)[2] A magistrate presided over a preliminary hearing in which an FTB agent testified as the prosecution’s sole witness. The agent testified that generally a person must file tax returns by either April 15, or October 15, for the prior taxable year.
The evidence at the preliminary hearing showed that for the first year (count one), Hudson owed $21,974 in tax. Hudson filed a return about five years late, but he did not pay the taxes that were due. For the second year (count two), Hudson owed $27,205 in tax. Hudson filed a return about five years late, but he did not pay the taxes that were due. For the third year (count three), Hudson owed $6,505 in tax. This time, Hudson filed a return about three years late and paid $400 of the taxes that were due.
For each of the three years, the FTB had mailed Hudson a “Demand for Tax Return,” asking him to file his returns. According to the FTB agent, the FTB also mailed Hudson (1) a letter telling him that they would publicly disclose him as one of the 500 largest tax delinquents in the state; (2) a notice of proposed assessment; and (3) a notice of collection. Further, the FTB agent prepared a document showing that Hudson “had a filing history,” meaning he had filed returns and had paid his taxes in other years.
The magistrate found that there was sufficient cause to hold Hudson to answer on the felony complaint. (Pen. Code, § 872, subd. (a).) The prosecution filed an information charging Hudson with the same counts that had been alleged in the complaint.[3]
Hudson filed a Penal Code section 995 motion to dismiss the felony charges. Hudson argued that the prosecution had failed to establish sufficient evidence of his intent to evade paying taxes. (Pen. Code, § 995, subd. (a)(2)(B).) The superior court denied the motion.
Hudson petitioned for a writ of prohibition and/or mandate in this court challenging the denial of his Penal Code section 995 motion by the respondent superior court. (Pen. Code, § 999a.) This court summarily denied the writ petition.
Hudson subsequently filed a petition for review. The California Supreme Court granted Hudson’s petition and transferred the matter to this court with *1170 directions to vacate our order denying the petition for writ of prohibition and/or mandate and issue an order to show cause.[4] We did so and stayed the trial court proceedings. The district attorney, as real party in interest, filed a return. Hudson filed a reply.
II
DISCUSSION
In a Penal Code section 995 motion to set aside an information, the superior court determines “ ‘if there is some rational ground for assuming the possibility that an offense has been committed and the accused is guilty of it.’ ” (People v. Chapple (2006) 138 Cal.App.4th 540, 545 [41 Cal.Rptr.3d 680].) In reviewing a denial of a motion to dismiss under Penal Code section 995, “an appellate court must draw every legitimate inference from the evidence in favor of the information.” (Sea Horse Ranch, Inc. v. Superior Court (1994) 24 Cal.App.4th 446, 454 [30 Cal.Rptr.2d 681].)
“ ‘[Although there must be some showing as to the existence of each element of the charged crime [citation] such a showing may be made by means of circumstantial evidence supportive of reasonable inferences on the part of the magistrate.’ [Citation.]” (People v. Superior Court (Jurado) (1992) 4 Cal.App.4th 1217, 1226 [6 Cal.Rptr.2d 242].) A defendant can properly challenge an order denying a motion to dismiss an information under Penal Code section 995 in a petition for writ of prohibition. (Pen. Code, § 999a.)
A. It Is Rational to Assume That Hudson Intended to Evade Paying His Taxes.
Section 19706 states in relevant part: “Any person . . . who, within the time required by or under the provisions of this part, willfully fails to file any return . . . with intent to evade any tax imposed ... is punishable by imprisonment in the county jail not to exceed one year, or in the state prison . . . .” Thus, the prosecution needed to make some showing as to each of four elements: (1) Hudson was required to file a tax return; (2) Hudson did not file a tax return within the required time; (3) Hudson willfully chose not *1171 to file a tax return; and (4) when Hudson made that choice, he intended to evade paying a tax. (See § 19706; see also CALCRIM No. 2801.)
In this writ proceeding, as in the trial court, Hudson challenges only the fourth element. That is, he argues there was insufficient evidence presented at the preliminary hearing to show that when he chose not to file his tax returns in a timely manner he intended to evade paying a tax. We disagree.
It is important to keep in mind that a person’s intent “is a question of fact to be determined from all the circumstances of the case, and usually must be proven circumstantially.” (People v. Fujita (1974) 43 Cal.App.3d 454, 469, 471 [117 Cal.Rptr. 757] [conspiracy to commit theft may be inferred from the close association of those promoting an illegal scheme]; see In re Leanna W. (2004) 120 Cal.App.4th 735, 741 [15 Cal.Rptr.3d 616] [in a burglary charge the “theft of property from a dwelling may create a reasonable inference that there was intent to commit theft at the time of entry”].) “In every crime or public offense there must exist a union, or joint operation of act and intent . . . .” (Pen. Code, § 20.)
Again, what is at issue in this case is Hudson’s failure to timely file tax returns “with intent to evade any tax.” (§ 19706, italics added.) The word “evade” is a synonym for “avoid,” “elude,” or “get out of.” (Roget’s Internat. Thesaurus (4th ed. 1977) p. 486; cf. Civ. Code, § 1714.41, subds. (a), (b) [assisting a person who seeks to “escape, evade, or avoid” paying child support].) There is no indication that the Legislature intended the word “evade” to have any technical meaning peculiar to the law. (See CALCRIM No. 200 [“Words and phrases not specifically defined in [jury] instructions are to be applied using their ordinary, everyday meanings”].)
Here, the evidence presented at the preliminary hearing showed that Hudson failed to timely file tax returns for three consecutive years and for those three years he owed $21,974 in taxes in the first year, $27,205 in the second year, and $6,505 in the third year. Had Hudson not owed any tax, or if he was entitled to a tax refund, it would of course be irrational to assume that by not timely filing tax returns he intended to avoid paying taxes he did not owe. (See People v. Mojica (2006) 139 Cal.App.4th 1197, 1204, fn. 4 [43 Cal.Rptr.3d 634] (Mojica) [there must be some evidence of a tax deficiency under § 19706, although the amount need not be substantial].) Conversely, it is entirely rational to assume that Hudson willfully failed to timely file his tax returns precisely because he intended to evade or avoid paying the substantial taxes that he owed.
But beyond the evidence that Hudson, in fact, owed taxes when he failed to timely file his returns, there was additional evidence of Hudson’s intent to *1172 evade paying taxes. The evidence showed that Hudson had filed and paid his taxes in other years. Further, the FTB had notified Hudson of his obligation to file returns for each of the three years charged in the complaint and he had only paid a small portion ($400) of the total amount due ($55,684). Thus, Hudson’s substantial tax obligations, his knowledge of his obligation to file (as demonstrated by his prior filing history), his failure to respond to the FTB’s delinquency notices, and ultimately his failure to fully comply with his tax obligations, is all circumstantial evidence that he had intended to evade paying taxes at the time when they were due.
There may be other conceivable reasons why Hudson failed to timely file his tax returns. However, based on the evidence at the preliminary hearing, it cannot be said that it was irrational for the magistrate to assume that when Hudson failed to timely file his tax returns he intended to evade or avoid paying the taxes that he owed.
B. Section 19706 Does Not Require Acts Beyond the Willful Failure to Timely File.
Hudson argues that in order to sustain a magistrate’s ruling under section 19706, the prosecution—in addition to showing a failure to timely file a tax return—is required to show that the defendant committed an affirmative act of fraud (such as concealing information or creating false documents). But Hudson’s argument fundamentally confuses the necessary mens rea of section 19706 (an intent to evade paying taxes) with the necessary actus reus (a failure to timely file a return). An additional affirmative act of fraud is simply not required under section 19706.
In construing a statute, there are well-established principles of statutory interpretation. The primary goal is to ascertain legislative intent so as to effectuate the purpose of the law. (People v. Jefferson (1999) 21 Cal.4th 86, 94 [86 Cal.Rptr.2d 893, 980 P.2d 441].) The words of a statute, which are the most reliable indicator of legislative intent, are to be given their “ ‘usual and ordinary meaning[].’ ” (People v. Lawrence (2000) 24 Cal.4th 219, 230-231 [99 Cal.Rptr.2d 570, 6 P.3d 228].) Where the statutory language is unambiguous, courts are to presume the Legislature meant what it said, and the plain meaning of the language governs. (Ibid.)
Courts may not insert words or add provisions to an unambiguous statute. (People v. Hunt (1999) 74 Cal.App.4th 939, 946 [88 Cal.Rptr.2d 524].) “The powers of state government are legislative, executive, and judicial. Persons charged with the exercise of one power may not exercise either of the others except as permitted by this Constitution.” (Cal. Const., art. III, § 3.) “In construing this, or any, statute, our office is simply to ascertain *1173 and declare what the statute contains, not to change its scope by reading into it language it does not contain or by reading out of it language it does. We may not rewrite the statute to conform to an assumed intention that does not appear in its language.” (Vasquez v. State of California (2008) 45 Cal.4th 243, 253 [85 Cal.Rptr.3d 466, 195 P.3d 1049].)
Again, generally ‘“every crime has two components: (1) an act or omission, sometimes called the actus reus; and (2) a necessary mental state, sometimes called the mens rea.” (People v. Williams (2009) 176 Cal.App.4th 1521, 1528 [98 Cal.Rptr.3d 770].) Usually, the actus reus is a willful physical act; however, the actus reus can also be a willful omission or a willful failure to act. (Ibid.) “ ‘Criminal conduct may arise not only by overt acts, but by an omission to act where there is a legal duty to do so.’ ” (People v. Ogg (2013) 219 Cal.App.4th 173, 182 [161 Cal.Rptr.3d 584], quoting People v. Stancial (1992) 153 Ill.2d 218, 236 [180 Ill.Dec. 124, 606 N.E.2d 1201] [failure of parent to protect child].) This type of actus reus is sometimes referred to as a “ ‘negative act.’ ” (1 Witkin & Epstein, Cal. Criminal Law (4th ed. 2012) Elements, § 23, p. 296.)
Once more, section 19706 states, in relevant part: “Any person . . . who, within the time required by or under the provisions of this part, willfully fails to file any return . . . with intent to evade any tax imposed ... is punishable by imprisonment in the county jail not to exceed one year, or in the state prison . . . .” (Italics added.) The only required actus reus or “negative act” occurs when a person “willfully fails to file any return.” (§19706.) The language is plain and its meaning is unambiguous. Under our state Constitution, this court cannot rewrite the statute to require the prosecution to show an additional affirmative act of fraud when the Legislature has not required such an act in order to establish a crime under section 19706.
Here, it is undisputed that Hudson willfully failed to timely file his tax returns. And, as we already discussed, there was some evidence that Hudson did so with the intent to evade paying his taxes. Accordingly, the evidence is sufficient to sustain the magistrate’s ruling and the superior court’s denial of his Penal Code section 995 motion. Thus, Hudson’s petition for a writ of prohibition and/or mandate must be denied.
C. Unlike Section 19706, the Federal Tax Law Interpreted in Spies Does Not Make a Defendant’s Willful Failure to File a Tax Return a Criminal Act.
Hudson relies on Spies, a United States Supreme Court decision interpreting a federal tax evasion law to support his argument that an additional affirmative act of fraud is required under section 19706. (Spies, *1174 supra, 317 U.S. 492.) But generally, a decision of the United States Supreme Court based solely on federal law is not binding on state courts in the interpretation of state law. (See People v. Guiton (1993) 4 Cal.4th 1116, 1126 [17 Cal.Rptr.2d 365, 847 P.2d 45].) And more specifically in this case, Spies is inapposite because the federal tax evasion law analyzed in Spies—unlike section 19706—does not explicitly make the willful failure to file a tax return a criminal act.
In relevant part, the federal tax evasion law analyzed in Spies is a felony and reads as follows: “Any person who willfully attempts in any manner to evade or defeat any tax imposed . . . shall, in addition to other penalties provided by law, be guilty of a felony . . . .” (Int.Rev. Code, § 7201, italics added.)[5] The federal tax scheme also criminalizes the willful failure to file a return and other omissions, but those crimes are treated as misdemeanors under a different code section. (See Int.Rev. Code, § 7203 [willful failure to file, supply information, keep records, etc.].) In Spies, the United States Supreme Court observed that under the federal felony tax evasion law, “Congress did not define or limit the methods by which a willful attempt to defeat and evade [taxes] might be accomplished . . . .” (Spies, supra, 317 U.S. at p. 499, italics added.) In other words, the felony tax evasion law as written was ambiguous: Congress had not stated what form of actus reus was required to be proven in order to show an attempt to “evade or defeat” federal taxes under its provisions. (Int.Rev. Code, § 7201.)
As a result of this ambiguity, the Supreme Court in Spies was obligated to construe what acts Congress intended to make criminal: “We think that in employing the terminology of attempt to embrace the gravest of offenses against the revenues, Congress intended some willful commission in addition to the willful omissions that make up the list of misdemeanors.” {Spies, supra, 317 U.S. at p. 499.) The Supreme Court then noted what additional acts (in addition to misdemeanor omissions) Congress may have intended to be required within the scope of the felony tax evasion law: “By way of illustration, and not by way of limitation, we would think affirmative willful attempt may be inferred from conduct such as keeping a double set of books, making false entries or alterations, or false invoices or documents, . . . and any conduct, the likely effect of which would be to mislead or to conceal.” {Ibid., italics added.)
Here, under California law—unlike the ambiguous federal tax evasion law interpreted in Spies—the Legislature has explicitly stated what criminal *1175 act is required to be shown under section 19706. The required actus reus is the willful failure of a person to timely file a tax return—an omission or a negative act—along with the intent to evade the taxes that are due. Thus, the Spies holding, insofar as it requires an additional affirmative act of fraud under the federal tax evasion law, is inapposite and has no bearing on our analysis.
D. The California Opinions Cited by Hudson Are Distinguishable.
There are no California opinions that directly support Hudson’s argument that section 19706 requires proof of an additional affirmative act of fraud beyond the willful failure to timely file a tax return. That is, no California case has ever applied the holding of Spies to section 19706, as Hudson urges us to do. Nevertheless, Hudson cites two cases that generally touch on the interplay between federal and state tax laws, People v. Hagen (1998) 19 Cal.4th 652 [80 Cal.Rptr.2d 24, 967 P.2d 563] (Hagen) and Mojica, supra, 139 Cal.App.4th 1197. But Hagen and Mojica are distinguishable and they do not alter our holding.
In Hagen, supra, 19 Cal.4th at pages 656-657, a jury convicted a husband and his wife of willfully filing false tax returns. (Former § 19405, subd. (a)(1), now § 19705, subd. (a)(1).) The wife had stolen a substantial sum of money from her employer, but the couple did not include the stolen income on their tax return. (Hagen, at pp. 656-657.) At issue was the interpretation of the particular state tax statute they were charged with, currently section 19705, subdivision (a)(1).[6] (Hagen, at pp. 658-659.) In resolving the matter, our Supreme Court relied on federal opinions interpreting a “virtually identical” provision of the Internal Revenue Code.[7] (Hagen, at p. 659; see Int.Rev. Code, § 7206(1).) The court noted that “federal decisions in the area of income tax law can be persuasive on the interpretation of parallel California provisions.” (Hagen, at p. 666, italics added.)
But here, unlike the “virtually identical” federal and state tax laws that were compared in Hagen, the federal tax law interpreted in Spies is not “virtually identical” to section 19706, particularly as to the criminal act or actus reus that needs to be proven. That is, Internal Revenue Code section *1176 7201 makes it a crime to attempt to evade a tax, while section 19706 makes it a crime to willfully fail to timely file a tax return. Hagen is distinguishable and did not apply the holding of Spies to section 19706 as Hudson urges us to do. Thus, Hagen does not alter our holding.
In Mojica, supra, 139 Cal.App.4th at page 1200, a jury convicted the owner of a small business of willfully failing to file tax returns. (§ 19706.) The FTB had notified the defendant that he was required to file his returns, but he did not comply. (Mojica, at p. 1200.) The appellate court found that the jury should have been instructed that the existence of a tax deficiency is an element of section 19706. (Mojica, at p. 1203.) The appellate court had compared our state statute, section 19706, to the federal statute, Internal Revenue Code section 7201, and found that they were “substantially identical.” (Mojica, at p. 1205.)
We agree with Mojica that Internal Revenue Code section 7201 and Revenue and Taxation Code section 19706 are “substantially identical,” but only when it comes to the issue of a defendant’s intent or mens rea. That is, both statutes require that a defendant intend to evade paying taxes and therefore both statutes require proof of a tax deficiency. And, as we have already discussed, there was evidence that Hudson had a substantial tax deficiency for each of the three years he was charged with violating section 19706. Thus, there was a rational basis for the magistrate to assume that Hudson harbored the requisite intent to evade paying his taxes when he failed to timely file his tax returns.
However, Mojica did not consider the issue we are presented with in this case: the actus reus that is required to be shown under section 19706. Mojica did not find that section 19706 requires any additional affirmative act of fraud beyond the willful failure to file a tax return. That is, Mojica did not apply Spies to section 19706 as Hudson urges us to do. Thus, Mojica does not alter our holding.
Ill
DISPOSITION
The petition for writ of prohibition and/or mandate is denied. The order to stay proceedings in the trial court is lifted.
Aronson, J., concurred.

 Further undesignated statutory references are to the Revenue and Taxation Code.

 In relevant part section 19706 says, “Any person . . . who, within the time required by or under the provisions of this part, willfully fails to file any return . . . with intent to evade any tax imposed ... is punishable by imprisonment in the county jail not to exceed one year, or in the state prison ...."’(§ 19706, italics added.)

 The information was not part of the writ petition; however, this court takes judicial notice of the information on its own motion. (Evid. Code, §§ 452, subd. (d), 459.)

 By ordering this court to issue an order to show cause, we do not infer that the Supreme Court expressed any view on the merits of Husdon’s arguments. (See People v. Superior Court (Sanchez) (2014) 223 Cal.App.4th 567 [167 Cal.Rptr.3d 115]; see also In re Orosco (1978) 82 Cal.App.3d 924, 927 [147 Cal.Rptr. 463] [“Issuance of the order to show cause represents a preliminary determination by the Supreme Court that the petitioner has stated sufficient facts to justify relief by way of habeas corpus. It is not, however, the equivalent of a final appellate decision on questions of law, nor does it constitute law of the case”].)

 In Spies, the defendant was actually charged with section 145, subdivision (b), of the Revenue Act of 1936 (June 22, 1936, ch. 690, 49 Stat. 1648), which later became section 145, subdivision (b), of the Internal Revenue Code, and is now section 7201. (See Spies, supra, 317 U.S. at pp. 492-493.)

 The state statute makes it a crime to: “Willfully make[] and subscribef] any return, statement, or other document, that contains or is verified by a written declaration that it is made under penalty of perjury, and he or she does not believe to be true and correct as to every material matter.” (§ 19705, subd. (a)(1).)

 The federal statute makes it a crime to: “Willfully make[] and subscribef] any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter . . . .” (Int.Rev. Code, § 7206(1).)