Filed 5/2/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JESUS PEDRO GARCIA,<br><br>    Defendant and Appellant. | 2d Crim. No. B282787<br>(Super. Ct. No. 2014035319)<br>(Ventura County) |

Jesus Pedro Garcia appeals a judgment the trial court imposed after revoking his postrelease community supervision (PRCS). (Pen. Code, §§ 3451, 3455.)[1] The court imposed a 180-day period of confinement for Garcia's PRCS violation to run consecutively to a four-year prison term in another case. We conclude, among other things, that the court lacks authority to run a period of confinement for a PRCS violation consecutively to a sentence in another criminal case. The portion of the judgment imposing a consecutive sentence is stricken; as so modified, we affirm.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

FACTS

In January 2015, Garcia pled guilty to unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a)), a felony, and evading an officer (*id.*, § 2800.2, subd. (a)), a felony. The trial court suspended imposition of sentence and placed him on probation for 36 months.

Garcia violated his probation conditions. The trial court revoked probation and sentenced Garcia to serve two years in state prison.

On March 30, 2016, Garcia was released from prison and placed on PRCS.

On April 20, 2017, the Ventura County Probation Agency petitioned to revoke Garcia's PRCS, alleging, among other things, that he had "absconded from supervision." It also noted that on April 18, 2017, Garcia was sentenced to a four-year prison term for carjacking in criminal case No. 2016017314.

On April 25, 2017, the trial court found Garcia violated his PRCS conditions. It ordered him to serve 180 days in the county jail to run consecutively to a four-year prison sentence for Garcia's carjacking conviction in case No. 2016017314.

DISCUSSION

*The Consecutive Sentence*

Garcia, the People and we agree that the trial court lacked authority to impose Garcia's PRCS revocation confinement consecutive to a determinate sentence in another criminal case.

"PRCS was created by the Legislature in 2011 as an alternative to parole for non-serious, nonviolent felonies." (*People v. Gutierrez* (2016) 245 Cal.App.4th 393, 399.) "A felon who qualifies for PRCS may be subject to supervision for up to three years after his or her release from prison. (§ 3451, subd. (a).)" (*Ibid.*) The supervised person "may be subject to various

sanctions for violating the conditions of his or her PRCS, including incarceration in the county jail, but may not be returned to state prison for PRCS violations." (*Ibid.*) The "confinement" period for violating PRCS "shall not exceed a period of 180 days in a county jail . . . ." (§ 3455, subd. (d).)

California courts have concluded that PRCS "is similar . . . to parole." (*People v. Gutierrez, supra*, 245 Cal.App.4th at p. 399.) PRCS and parole supervision have different procedures to prove violations. (*Id.* at p. 400.) But once violations have been established, the statutes governing PRCS and parole supervision share the same maximum period for custodial confinement--180 days. (§§ 3000.08, 3451, subd. (d).) In this respect, the Legislature intended to treat PRCS and parole supervision violators similarly.

Garcia notes that California law carefully distinguishes between confinement for parole or PRCS violations on the one hand, and traditional "sentencing" for criminal convictions on the other. (*People v. Mathews* (1980) 102 Cal.App.3d 704, 713.) These two areas are separate and distinct. (*Ibid.*; see also *People v. Adrian* (1987) 191 Cal.App.3d 868, 881 ["Parole may be revoked for numerous reasons other than criminal conduct"].) The trial court lacked authority to impose the consecutive sentence imposed here. (*Mathews*, p. 713; see also *People v. Boney* (1982) 136 Cal.App.3d 744, 748.)

Section 669 governs concurrent and consecutive sentences. It provides, in relevant part, "When a person is convicted of *two or more crimes*, . . . the second or other subsequent judgment upon which *sentence* is ordered to be executed shall direct whether the terms of imprisonment . . . shall run concurrently or consecutively." (§ 669, subd. (a), italics added.)

3

Courts interpreting section 669 have concluded that it does not authorize the trial court to impose a parole revocation confinement to run consecutively to a determinate sentence. (*People v. Mathews*, *supra*, 102 Cal.App.3d at p. 713; *People v. Espinoza* (1979) 99 Cal.App.3d 59, 72-73.)  In *Mathews*, the trial court, relying on section 669, ordered a "new term to run consecutive to a parole revocation period." (*Id.*, at p. 713.)  The Court of Appeal struck the consecutive sentence.  It determined there was no authority to impose such a sentence in combination with a parole revocation confinement.  It noted there is "a distinction between the *expiration of a term of imprisonment* as opposed to . . . *confinement on revocation of parole*." (*Ibid.*, second italics added.)  "Logically, when a person has served a determinate sentence and is reimprisoned upon revocation of parole, he has not returned to prison for the purpose of serving the balance of his original term." (*Ibid.*)  "Rather, [a person] is reimprisoned for the purpose of serving a maximum of 12 months for violating his parole." (*Ibid.*)  Applying *Mathews*, the consecutive sentence here is unauthorized.

*Mathews* was decided well before the realignment sentencing statutes.  The authors of the leading treatise on the realignment legislation have concluded that *Mathews* applies to both post-realignment parole supervision violations and PRCS violations. (Couzens, Bigelow, Prickett, Sentencing Cal. Crimes (The Rutter Group 2017) Sentencing After Realignment, §§ 11:65, p. 11-107, 11:77, p. 11-139.)  Citing *Mathews*, the authors state, "It is unlikely the court has the ability to impose a term in jail as a sanction for violation of parole, then impose a new substantive term consecutive to the parole term." (*Id.*, § 11:77, at p. 11-139.)  Similarly, "[i]t is unlikely the court has the ability to impose a term in jail as a sanction for violation of PRCS, then impose a

4

new substantive term consecutive to the PRCS term." (*Id.,* § 11:65, at p. 11-107.)  We agree.  Some statutory procedures have changed, but these changes do not relate to the holding in *Mathews.*  Garcia and the People agree that the underlying principles in *Mathews* are still applicable.

Section 3455, subdivision (d) is unambiguous.  It does not contain a consecutive sentencing provision.  *Mathews* was published decades ago.  Had lawmakers intended to make an exception to the *Mathews* doctrine, they could have easily done so with express language in the realignment statutes.  "Courts may not insert words or add provisions to an unambiguous statute." (*Hudson v. Superior Court* (2017) 7 Cal.App.5th 1165, 1172.) "'We may not rewrite the statute to conform to an assumed intention that does not appear in its language.'" (*Id.,* at p. 1173; see also *Vasquez v. State of California* (2008) 45 Cal.4th 243, 253.)  The consecutive sentence was unauthorized.

DISPOSITION

The portion of the judgment imposing a consecutive sentence is stricken; as so modified, the judgment is affirmed.

CERTIFIED FOR PUBLICATION.


GILBERT, P. J.

We concur:


YEGAN, J.


TANGEMAN, J.


5

Patricia M. Murphy, Judge

Superior Court County of Ventura

———————————————

Todd W. Howeth, Public Defender, William M. Quest, Senior Deputy, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, Analee J. Brodie, Deputy Attorney General, for Plaintiff and Respondent.