Filed 7/19/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SHEA PATRICK MURDOCK,<br><br>    Defendant and Appellant. | 2d Crim. No. B279452<br>(Super. Ct. No. 2012039191)<br>(Ventura County) |

Appellant Shea Patrick Murdock allegedly absconded while on postrelease community supervision (PRCS; Pen. Code, § 3451 et seq.)[1] in Ventura County. After his PRCS was summarily revoked and tolled pursuant to an arrest warrant, he was convicted on another charge in Monterey County and was sentenced to county jail. While serving that sentence in Monterey County, he notified the Ventura County District Attorney and Ventura County Superior Court of his imprisonment and demanded he be "brought to trial and/or sentenced" on the PRCS revocation matter within 90 days, as

---

[1] All statutory references are to the Penal Code.

contemplated in section 1381. The demand was ignored. Appellant then moved to recall the PRCS warrant and dismiss the associated revocation matter as provided in section 1381. In addition to invoking section 1381, appellant asserted that the refusal of his demand to have his PRCS revocation matter promptly resolved amounted to a violation of his due process rights. The trial court denied the motion.

Although we agree with the trial court that appellant was not entitled to relief under section 1381, his due process claim has merit. Moreover, appellant suffered prejudice as a result of the due process violation. Accordingly, we reverse.

## FACTS AND PROCEDURAL HISTORY

In 2013, in Ventura County case number 2012039191, appellant pled guilty to being a felon in possession of a firearm (§ 29800, subd. (a)(1)) and admitted serving two prior prison terms (§ 667.5, subd. (b)). He was sentenced to three years in state prison. In December 2014, he was released on PRCS (§ 3455 et seq.).

In April 2015, appellant was arrested for violating the terms and conditions of his PRCS. The Ventura County Probation Agency (the Probation Agency) filed a petition to revoke PRCS pursuant to section 3455. After appellant submitted on the allegations of the petition, the court found him in violation of PRCS and ordered him to serve 90 days in county jail. The following July, appellant submitted on the allegations of another PRCS revocation petition. The court again found him in violation of PRCS and ordered him to serve 90 days in county jail.

On October 1, 2015, the Probation Agency filed a request for a PRCS warrant (§ 3455, subd. (b)(1)) on the allegation that appellant had absconded from supervision and that his whereabouts were unknown. A week later, the trial court issued

2

a warrant for appellant's arrest pursuant to section 1203.2, subdivision (a), summarily revoked his PRCS, and ordered that the running of the period of PRCS be tolled.

In December 2015, in Monterey County case number SS143073A, appellant pled guilty to bringing a controlled substance into a custodial facility (§ 4573, subd. (a)) and admitted serving a prior prison term. He was sentenced to three years in Monterey County Jail.

On April 7, 2016, appellant sent the Ventura County District Attorney a section 1381 "demand[] to be brought to trial and/or sentenced" on the PRCS violation matter in Ventura County case number 2012039191. The following July, appellant sent the Ventura County Superior Court a section 1381 motion to dismiss along with an accompanying affidavit and proposed order. The court clerk forwarded the documents to the District Attorney's office.

On September 16, 2016, the Ventura County Public Defender's Office filed a motion to dismiss on appellant's behalf. The motion alleged that "[s]ince more than 90 days have passed since [appellant] submitted his [section] 1381 demand to the Ventura County District Attorney's Office and he remains to be sentenced in the matter, [appellant] hereby requests that the PR[C]S warrant and associated violation be recalled and dismissed." Appellant alternatively asserted that he "has a due process right . . . to have his PR[C]S warrant addressed in a timely fashion."

The People opposed the motion, contending that section 1381 did not apply because appellant "has already been convicted and sentenced." The People added that "even if [section] 1381 did apply, there is no outstanding petition of revocation to be dismissed as one has not been filed. Currently, there is only an

3

active warrant, which does not qualify for dismissal under [section] 1381." At the November 3, 2016 hearing on the motion, the prosecutor stated: "I don't believe there is a due process issue, definitely not one that's thoroughly laid out in [the] Defense moving papers. But recalling the warrant, . . . it's something that probation could simply submit again. [¶] . . . [¶] So it seems like this is a futile exercise and request, because it's something that really has no weight."

Appellant's counsel replied that "the reason why it would be a due process issue is because his PR[C]S is tolling during the time he's out to warrant. . . . Since we know where he is, and he wants to have the warrant dealt with, to deprive him of the running of his PR[C]S so that it's tolled during [his] entire time [in prison], that would be the harm. . . . [I]f he's just left up at the Monterey County Jail to serve out his entire jail term up there, and then brought down here more than an entire year after he wanted to come here to deal with the warrant, . . . that would be a violation of his due process rights."

The court denied the motion, reasoning that section 1381 did not apply "because there was nothing pending here except a warrant." The court added: "[T]he due process argument troubles me. I think there might be a very good due process argument if everybody waits until he serves his sentence up there and then transports him here on a warrant, I can see a due process argument there, since we know where he is. But when you file[d] a 1381, there was nothing pending here at all."

On April 12, 2017, appellant completed his three-year sentence in the Monterey County Jail. The following day, he was arrested on the PRCS warrant and was returned to Ventura County. A week later, the Probation Agency filed a petition to revoke appellant's PRCS. On June 6, 2017, following a PRCS

4

revocation hearing, the court found appellant in violation of his PRCS, revoked and reinstated PRCS, and ordered him to serve 120 days in the Ventura County Jail.[2]

## DISCUSSION

### *Section 1381*

Appellant contends the court erred in concluding that section 1381 did not apply to his PRCS arrest warrant. We agree with the trial court that appellant was not entitled to relief under section 1381.

Section 1381 provides in relevant part that "[w]henever a defendant has been convicted, in any court of this state, of the commission of a felony . . . and has been sentenced to and has entered upon a term of imprisonment in a state prison . . . and at the time of the entry upon the term of imprisonment . . . there is pending, in any court of this state, . . . any criminal proceeding wherein the defendant remains to be sentenced, the district attorney of the county in which the matters are pending shall bring the defendant . . . for sentencing within 90 days after the person shall have delivered to said district attorney written notice of the place of his or her imprisonment . . . and his or her desire to be brought . . . for sentencing. . . . In the event that the defendant is not brought to trial or for sentencing within the 90 days the court in which the charge or sentencing is pending shall, on motion or suggestion of the district attorney, or of the defendant . . . , or on its own motion, dismiss the action." Our Supreme Court has held that "'the principal purpose "of section 1381 'is to permit a defendant to obtain concurrent sentencing at

---

[2] Appellant was awarded 112 days of presentence credit, with the remainder of the term stayed pending our resolution of this appeal.

5

the hands of the court in which the earlier proceeding is pending, if such is the court's discretion."'"" (*People v. Wagner* (2009) 45 Cal.4th 1039, 1056.)

Section 1381 did not apply here. Even assuming that the issuance of a PRCS arrest warrant would otherwise qualify as a "criminal proceeding" for purposes of section 1381, it is not a proceeding in which a defendant "remains to be sentenced." Appellant's PRCS in the Ventura County case is part and parcel of the sentence already imposed in that matter. (§ 1170, subd. (c) [at sentencing, "[t]he court shall . . . inform the defendant that as part of the sentence after expiration of the term [of imprisonment] he or she may be on . . . [PRCS] for a period as provided in Section 3451"]; see also *People v. Steward* (2018) 20 Cal.App.5th 407, 425-426 [PRCS is part of a defendant's "sentence," so excess custody credits apply to reduce a period of PRCS].) Moreover, any term of confinement ordered as a sanction for violating PRCS is not a "sentence." As we recently recognized, "California law carefully distinguishes between *confinement* for parole or PRCS violations on the one hand, and traditional '*sentencing*' for criminal convictions on the other. [Citation.] These two areas are separate and distinct. [Citations.]" (*People v. Garcia* (2018) 22 Cal.App.5th 1061, 1065, italics added.)

Appellant's citation to *Rudman v. Superior Court* (1973) 36 Cal.App.3d 22 (*Rudman*), is unavailing. The defendant in that case (Rudman) was convicted of receiving stolen property (§ 496). Imposition of sentence was suspended and he was placed on probation. He was later arraigned on a probation violation, but failed to appear at the probation violation hearing and a bench warrant was issued. Rudman was later sentenced to state prison on other charges and the warrant was lodged with the prison as a

6

detainer. Rudman then filed a section 1381 demand as to the outstanding warrant and probation violation action. The demand was rejected and Rudman's motion to dismiss the action was denied. The Court of Appeal found that Rudman was entitled to relief under section 1381. (*Id.* at pp. 24-28.)

*Rudman* is inapposite. In that case, the imposition of sentence was suspended; here it was not. "[T]he plain meaning of the phrase 'there is pending . . . any criminal proceeding wherein the defendant remains to be sentenced' (§ 1381) includes a probation revocation proceeding in which the imposition of sentence was suspended when probation was granted." (*People v. Wagner*, *supra*, 45 Cal.4th at p. 1056.) This distinction was determinative: If probation had been granted following an imposition of a sentence rather than a suspended imposition of sentence, section 1381 would not have applied. (*Boles v. Superior Court* (1974) 37 Cal.App.3d 479, 482-484.) Appellant did not "remain to be sentenced" on a PRCS violation, so he was not entitled to relief under section 1381.

### *Due Process*

Appellant also contends that the failure to bring him to Ventura County to resolve the PRCS revocation matter within a reasonable time after he made his demand constitutes a violation of his due process rights. We agree.

The People do not dispute that persons arrested for an alleged PRCS violation and charged in a revocation petition with violating PRCS have a due process right to a prompt determination of probable cause followed by a timely revocation hearing with the opportunity to appear in court and provide a defense. (*People v. Gutierrez* (2016) 245 Cal.App.4th 393, 401-403; *Morrissey v. Brewer* (1972) 408 U.S. 471, 481, 489 (*Morrissey*); *People v. DeLeon* (2017) 3 Cal.5th 640, 647-657.) The

7

People claim, however, that those rights "did not directly apply" here because (1) appellant had yet to be arrested on the PRCS warrant when he demanded that he be brought to Ventura County to address the alleged violation; and (2) "the [Probation] Agency [had yet to] actually seek to formally revoke appellant's PRCS for the alleged PRCS violation set forth in the arrest warrant, i.e., the [Probation] Agency [had not] filed a PRCS revocation petition on the basis of that alleged PRCS violation."

We need not decide whether *Morrissey* and its progeny apply in this context because appellant's due process claim has merit under the standard set forth in *Matthews v. Eldridge* (1976) 424 U.S. 319 (*Matthews*). "'[D]ue process is flexible and calls for such procedural protections as the particular situation demands.' [Citation.] Accordingly, resolution of the issue whether the . . . procedures provided here are constitutionally sufficient requires analysis of the governmental and private interests that are affected. [Citations.] More precisely, . . . identification of the specific dictates of due process generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. [Citation.]" (*Id.* at pp. 334-335.)

A balancing of the three *Matthews* factors plainly weighs in appellant's favor. The PRCS warrant was issued on the allegation that appellant had absconded from supervision. In issuing that warrant, the court summarily revoked and tolled

8

appellant's PRCS. Once appellant notified the authorities in Ventura County of his circumstances and demanded that the PRCS revocation matter be resolved, he could no longer be said to be absconding.

Moreover, the People concede that if the PRCS revocation matter had been timely addressed pursuant to appellant's demand, any term of incarceration imposed as a sanction for violating PRCS would have had to run concurrent to the jail sentence he was then serving in Monterey County. (*People v. Garcia* (2018) 22 Cal.App.5th 1061, 1064-1066.) The tolling of appellant's PRCS also would have ended and PRCS would have been reinstated or terminated. (§ 3455.)

The People nevertheless contend that no due process violation occurred here. In addressing the first *Matthews* factor, they assert that appellant's liberty interest as a person on PRCS was merely "conditional" and that "by the time [he] made his whereabouts known . . . , his conditional liberty interest was further lessened by his lawful confinement from his subsequent conviction and jail sentence in the unrelated Monterey County case." As to the second factor, the People claim "there was no risk of an erroneous deprivation of appellants' conditional liberty interest because appellant's section 1381 demand established the fact of his lawful conviction and ensuing jail sentence in Monterey County [citation], and this conviction was a clear violation of appellant's PRCS conditions. [Citation.]" In addressing the third factor, they merely offer that executing the PRCS warrant and transferring appellant to Ventura County "would [have] require[d] additional administrative and fiscal burdens on scarce public resources."

None of these assertions are persuasive. As we have explained, appellant had a compelling interest in the timely

9

resolution of his alleged PRCS violation. Moreover, appellant correctly notes that his conviction in Monterey County was based upon conduct that took place *before* he was on PRCS.[3] That conviction thus has no bearing on the determination whether appellant had violated his PRCS in Ventura County.

Finally, it was simply a matter of *when*, rather than if, appellant would have to be transported to Ventura County from Monterey County. As appellant aptly notes, "[t]he only issue was whether he was going to be brought to court within a reasonable time after the government learned of his whereabouts or be brought to court after his completed his Monterey sentence." The third *Matthews* factor thus favors appellant.[4]

The authorities in Ventura County violated appellant's due process rights by refusing his demand for a timely resolution of

---

[3] We grant appellant's request for judicial notice of the complaint in Monterey County case number SS143073A. As that complaint reflects, the charge in the case was based on a crime appellant committed while he was serving the prison sentence imposed in the Ventura County case, i.e., before he was placed on PRCS.

[4] Our conclusion that appellant's due process rights were violated is also supported by the leading treatise on criminal sentencing, which states that "[d]efendants who are confined in out-of-county jails are making demands under section 1381 to be produced to the county where the defendant is subject to supervision on PRCS. . . . Technically, section 1381 may not apply to these defendants. . . . Even though the defendant may not qualify for relief under section 1381, . . . there may be a due process obligation to produce the defendant within a 'reasonable time' once the court becomes aware of defendant's circumstances." (Couzens & Bigelow, Felony Sentencing After Realignment (May 2017) p. 104.)

his alleged PRCS violation.  Moreover, appellant plainly suffered prejudice as a result of the due process violation:  his PRCS continued to be tolled, and he was deprived of concurrent sentencing on the 120-day jail term that was subsequently imposed as a sanction for the PRCS violation.  Accordingly, the order denying his motion to recall the PRCS warrant and dismiss the related revocation proceedings must be reversed.

## DISPOSITION

The order denying appellant's motion to recall the PRCS warrant and dismiss the related PRCS revocation proceedings is reversed.  On remand, the trial court shall recalculate the tolling period of appellant's PRCS from the date the PRCS warrant was issued (October 8, 2015), until the date the authorities in Ventura County received notice of appellant's section 1381 demand.

<u>CERTIFIED FOR PUBLICATION.</u>

PERREN, J.

We concur:

GILBERT, P. J.

TANGEMAN, J.

Donald D. Coleman, Judge
Superior Court County of Ventura

_____


Todd W. Howeth, Stephen P. Lipson, Public Defenders, Michael C. McMahon, Chief Deputy Public Defender, and William Quest, Senior Deputy Public Defender, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson, Steven D. Matthews, Supervising Deputy Attorneys General, and Chung L. Mar, Deputy Attorney General, for Plaintiff and Respondent.