Filed 9/25/20  P. v. Tokuda CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C089803 |
| Plaintiff and Respondent, | (Super. Ct. No. 17CF01918) |
| v. | |
| KENZO TOKUDA, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Kenzo Tokuda filed an opening brief setting forth the facts of the case and asking this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After reviewing the entire record, we directed the parties to submit supplemental letter briefs to address whether the trial court erred in sentencing defendant to a seven-year term, rather than aggregating the term with the sentence imposed on defendant by the San Mateo County Superior Court in December 2018.

1

In their supplemental letter briefs, defendant argues, and the People concede, the matter should be remanded for resentencing in accordance with Penal Code section 1170.1. We accept the People's concession and remand the matter accordingly.

FACTUAL AND PROCEDURAL BACKGROUND

N.V., a minor, attended a house party on December 22, 2016. At that party, N.V. started an argument. N.V. called defendant and a man named Adam Nabhani, both of whom quickly arrived with guns drawn. N.V. yelled, "Shoot these motherfuckers." The party's host attempted to calm the situation, but Nabhani pointed his gun at several people and said, "I'll shoot all you motherfuckers in the head, right now." Nabhani said, "This is North Side," and struck one of the partygoers in the face. N.V. tried to take the gun from Nabhani, saying, "You shoot him or I will."

Soon thereafter, the party's host led the others back to the apartment. Defendant, Nabhani, and N.V. got into a vehicle. As they drove away, Nabhani leaned out of the vehicle and fired shots at the apartment and the party's host, who feared for his life.

Law enforcement subsequently found four nine-millimeter shell casings and two .45-caliber casings at the scene. N.V. told law enforcement that defendant carried a handgun and admitted to her that he also fired it as they were leaving the party. A backpack belonging to defendant was later found, inside it—a handgun and nine-millimeter ammunition.

The People charged defendant with assault with a firearm (Pen. Code, § 245, subd. (b); count 1) and shooting at an inhabited dwelling (Pen. Code, § 246; count 2). The People further alleged defendant personally used a firearm in the commission of count 1. Defendant pleaded no contest to shooting at an inhabited dwelling. In exchange for his plea, the People moved to dismiss the remaining count and allegation with a *Harvey*[1]

---

[1]     *People v. Harvey* (1979) 25 Cal.3d 754.

waiver; the court granted the People's motion. Defendant was released and ordered to go directly to the probation department.

Three months later, on September 26, 2017, defendant was arrested in San Mateo County and charged with drug and firearm offenses. Two days later, a federal grand jury indicted defendant on additional drug and firearm offenses.

On October 11, 2017, defendant failed to appear for sentencing in Butte County because he was in custody in San Mateo County.

Nearly one year later, defendant was sentenced to 69 months on the federal charges. Three months after that, on December 10, 2018, the trial court in San Mateo County sentenced defendant to three years in state prison, awarding him 881 days of custody credit. Then, in March 2019, San Mateo County released defendant on postrelease community supervision (PRCS) and transferred him back to Butte County.

On June 6, 2019, the Butte County Superior Court sentenced defendant to seven years in state prison, "that term [to] be served consecutively." The court awarded defendant 140 days of custody credit and imposed various fines and fees.

Defendant filed a timely notice of appeal; he did not obtain a certificate of probable cause.

DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days elapsed and defendant did not file a supplemental brief.

On June 25, 2020, however, we directed the parties to submit supplemental letter briefs addressing whether the trial court erred in sentencing defendant to a seven-year

3

term for his Butte County conviction. Defendant argues, and the People agree, the matter should be remanded for resentencing.

" 'If a determinate sentence is imposed under section 1170.1(a) consecutive to one or more determinate sentences imposed previously in the same court or in other courts, the court in the current case must pronounce a single aggregate term, as defined in section 1170.1(a), stating the result of combining the previous and current sentences. In those situations: [¶] (1) The sentences on all determinately sentenced counts in all of the cases on which a sentence was or is being imposed must be combined as though they were all counts in the current case. [¶] (2) The judge in the current case must make a new determination of which count, in the combined cases, represents the principal term, as defined in section 1170.1(a).' " (*People v. Phoenix* (2014) 231 Cal.App.4th 1119, 1124-1125.)

Defendant pleaded no contest to shooting at an inhabited dwelling in Butte County Superior Court on June 14, 2017. Four months later, defendant failed to appear for sentencing. He was charged with crimes in San Mateo County in September 2017, and sentenced on December 10, 2018. Although defendant still had yet to be sentenced in Butte County, the San Mateo County Superior Court did not immediately return defendant to Butte County for sentencing. Rather, he was sent directly to prison where he stayed until March 2019 when he was released on PRCS.

Because of the delay in returning defendant to Butte County for sentencing, by the time he was returned, he had completed the term imposed by the San Mateo County Superior Court. (Cf. *People v. Garcia* (2018) 22 Cal.App.5th 1061, 1065 [PRCS is similar to parole; term of imprisonment is distinct from confinement on revocation of parole].) As a result, the Butte County Superior Court did not consider the prison term imposed by the San Mateo County Superior Court when sentencing defendant. Instead, the Butte County Superior Court sentenced defendant to a full seven-year term for shooting at an inhabited dwelling.

4

Had defendant been timely returned to Butte County, he would not have completed his sentence. Butte County Superior Court would have then been required to aggregate its sentence with the one imposed by San Mateo County. (§ 1170.1.) The delay in defendant's return to Butte County thus resulted in defendant receiving a longer prison term. We agree with the parties that this was error.[2]

## DISPOSITION

The sentence imposed by the trial court is hereby stricken and the matter is remanded for resentencing consistent with section 1170.1 and California Rule of Court, rule 4.452. The judgment is otherwise affirmed.

      KRAUSE      , J.

We concur:

      HULL      , Acting P. J.

      DUARTE      , J.

---

[2] We note that the San Mateo County Superior Court also could have sentenced defendant in both matters and resolved the issue without ever having to return defendant to Butte County.