Filed 12/8/20 (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>NICOLAS ALLAN SHELP,<br><br>    Defendant and Appellant. | 2d Crim. No. B298753<br>(Super. Ct. No. 1498298H)<br>(Santa Barbara County)<br><br>ORDER MODIFYING<br>OPINION AND DENYING<br>REHEARING<br>[NO CHANGE IN<br>JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on November 20, 2020, be modified as follows:

1. On page 2, the second full paragraph, the first sentence, beginning "Appellant claims that" delete the words, "flash incarceration and," so that the sentence reads:

"Appellant claims that custody credits accrue with each PRCS jail incarceration, and the custody credits automatically shorten the three-year PRCS supervision period."

2. On page 7, the first paragraph, the second sentence, beginning "Based on appellant's view" delete the words "flash incarceration and," so that the sentence reads:

"Based on appellant's view of the PRCS statute (§ 3455, subd. (a)), the PRCS recidivist accumulates custody conducts with each jail sanction, and it collectively shortens the PRCS supervision period."

There is no change in judgment.

Appellant's petition for rehearing is denied.

---

GILBERT, P.J.        YEGAN, J.        PERREN, J.

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE, | 2d Crim. No. B298753 |
| Plaintiff and Respondent, | (Super. Ct. No. 1498298H)<br>(Santa Barbara County) |
| v. | |
| NICOLAS ALLAN SHELP, | |
| Defendant and Appellant. | |

        This appeal presents the novel issue of whether custody credits (Pen. Code, § 4019)[1] accrue with each Post Release Community Supervision (PRCS) flash incarceration or jail sanction, thereby shortening the PRCS three-year supervision period.  (§ 3455, subd. (e).)  The trial court said "No." So do we.  The very thought of custody credits whittling down a PRCS supervision period is counter-intuitive and counterproductive.  Appellant posits:  The more jail time served for violating PRCS, the shorter the PRCS supervision period. This defeats the legislative goal of supervision for someone, like appellant, who is in dire need of supervision, guidance, and help.

---

[1] All statutory references are to the Penal Code.

This is a matter of statutory construction and subject to de novo review.  Our primary goal in interpreting the Criminal Justice Realignment Act of 2011 (Stats. 2011, ch. 15, § 1; Stats. 2011, 1st Ex. Sess. 2011-2012, ch. 12, § 1 (Realignment Act); codified as § 3450 et seq.) is to give the words of the Act a plain and commonsense meaning.  (E.g., *People v. Gonzales* (2017) 2 Cal.5th 1138, 1141.)  We are not at liberty to add to or delete words to accomplish a purpose that is contrary to the Act's goal, i.e., local supervision and rehabilitation of a felon.  (§§ 17.5, subd. (a)(1) & (a)(8); 3451, subd. (a); *People v. Samuels* (2018) 21 Cal.App.5th 962, 968 (*Samuels*).)

Appellant claims that custody credits accrue with each PRCS flash incarceration and jail incarceration, and the custody credits automatically shorten the three-year PRCS supervision period.  (§ 3455, subd. (e).)  The argument is flawed on two theories.  First, PRCS was enacted to rehabilitate non-violent felons at the local level.  It was not enacted to reward the felon with custody credits that can theoretically reduce the PRCS supervision period to zero.

Second, the word "supervision" in PCRS means just that.  Because PRCS supervision is not a sentence, the supervision period is not shortened by custody credits.  The leading treatise on criminal sentencing states:  "[T]here is no relationship between the time the person serves in custody on a [PRCS] violation and the length of supervision - these two variables proceed on entirely separate tracks."  (Couzens et al, Sentencing Cal. Crimes, Sentencing After Realignment (The Rutter Group 2019) [¶] 11:93, p. 11-184.)

Today's appeal is consistent with *People v. Espinoza* (2014) 226 Cal.App.4th 635 (*Espinoza*).  There, a

Three Strikes defendant was resentenced pursuant to Proposition 36 with excess custody credits for time served (§ 1170.126), and placed on PRCS. We held that the excess custody credits do not reduce or shorten the PRCS supervision period. (*Espinoza*, at pp. 639-640.) The same principle applies here.

*PRCS Violations*

In 2012, appellant was convicted of stalking (§ 649.9, subd. (a)) and resisting an executive officer (§ 69). The trial court suspended imposition of sentence and granted three years probation with 365 days county jail. On July 11, 2016, the trial court found appellant in violation of probation and sentenced appellant to three years state prison with credit for 1,080 days served (540 days actual custody plus 540 days conduct credits). Appellant was released on PRCS. He violated PRCS on 13 separate occasions.

In 2019, a petition for revocation was filed for failure to report and absconding. The petition listed five prior flash incarcerations and eight PRCS revocations resulting in jail incarcerations. Appellant filed a motion to terminate PRCS and claimed the supervision period had expired because he had already served 1,076 days in custody plus 60 days on the PRCS revocation (15 actual days plus 15 good time credit) for a total of 1,106 days. Trial counsel argued that appellant's "done. He's done more than three years on PRCS. [¶] [¶] . . . He's done the time" by virtue of the section 4019 conduct credits.

The trial court revoked PRCS and imposed a 180-day jail sanction. It found that appellant's PRCS supervision period would expire in January 2020, factoring in the PRCS start date (July 11, 2016) plus the time the supervision period was tolled (§ 3456, subd. (b)) on the prior PRCS revocations.

3

*Mootness*

Appellant and the Attorney General agree the appeal is moot because appellant's PRCS supervision period has now expired. We exercise our discretion to resolve the appeal because conduct credits and how they affect the three-year PRCS supervision period (§ 3455, subd. (e)) is a matter of first impression. It is likely to recur and is of continuing public interest. (*People v. Morales* (2016) 63 Cal.4th 399, 409.)

*"Front-End" Custody Credits Before PRCS Supervision*

Appellant claims that custody credits accrue as a matter of law and reduce his "sentence," which broadly construed includes the PRCS supervision period. The argument fails because "any term of confinement ordered as a sanction for violating PRCS is not a 'sentence.' . . . 'California law carefully distinguishes between *confinement* for parole or PRCS violations on the one hand, and traditional "*sentencing*" for criminal convictions on the other. . . . [Citations.]' [Citation.]" (*People v. Murdock* (2018) 25 Cal.App.5th 429, 434.)

Excess custody credits can accrue before PRCS is implemented, i.e., "front-end" custody credits, which is typically the case where the defendant is resentenced on a Three Strikes felony (a Proposition 36 resentencing) or the felony conviction is reduced to a misdemeanor pursuant to Proposition 47. By the time that happens, the defendant has usually served more time than the new sentence term, and defendant wants to use the excess custody credits (front-end credits) to reduce the PRCS supervision period. The excess custody credits are known as *Sosa* credits (*In re Sosa* (1980) 102 Cal.App.3d 1002). In *Espinoza*, *supra*, 226 Cal.App.4th 635, a Proposition 36 resentencing case, we held that *Sosa* credits do not reduce the PRCS supervision

4

period.  (*Id.* at p. 639.)  *Sosa* credits can be used to reduce a defendant's parole period (*id.* at p. 638) because section 2900.5, subdivision (c) provides that a "'term of imprisonment' includes any period of imprisonment imposed as a condition of probation or otherwise ordered . . . , and also includes any term of imprisonment, including any period of imprisonment prior to release on parole and *any period of imprisonment and parole,* prior to discharge, whether established or fixed by statute . . . ." (*Espinoza*, at p. 638, italics added.)

### *No Custody Credits During PRCS Supervision*

Section 2900.5 does not mention PRCS because PRCS supervision is not parole or a sentence.  Pursuant to the Realignment Act, PRCS is an alternative supervision system conducted by a county agency.  (*People v. Gutierrez* (2016) 245 Cal.App.4th 393, 399.)  If the defendant violates his or her PRCS terms, the sanctions may include flash incarceration (up to 10 days jail) or jail sanctions (up to 180 days jail), but not state prison.  (*Ibid.*)  The supervision period cannot exceed three years. (§ 3455, subd. (e).)

The Realignment Act does not say that custody credits reduce the PRCS supervision period.  In fact, section 4019, subdivision (i)(1) provides that "no credits may be earned, for periods of [PRCS] flash incarceration imposed pursuant to Section 3000.08 or 3454."  If PRCS is revoked and the defendant receives a jail sanction, the trial court can toll the supervision period while the jail time is served, thus extending the supervision period.  (§ 3455, subd. (e); *People v. Johnson* (2018) 29 Cal.App.5th 1041, 1049-1050.)  Three years of PRCS supervision is the outer limit.  A person cannot "remain under supervision or in custody . . . on or after three years from the date

5

of the person's initial entry onto [PRCS] except when his or her supervision is tolled pursuant to Section 1203.2 or subdivision (b) of Section 3456." (§ 3455, subd. (e).)

The cases relied upon by appellant are inapposite and deal with *Sosa* credits, i.e., "front-end" custody credits that accrued before PRCS was imposed. (Compare *Espinoza*, *supra*, 226 Cal.App.4th at p. 639 [*Sosa* credits do not reduce PRCS supervision period after a Proposition 36 sentence reduction of a Three Strikes sentence] and *People v. Superior Court* (*Rangel)* (2016) 4 Cal.App.5th 410, 419 [excess custody credits accruing before Proposition 36 resentencing do not reduce PRCS supervision period], with *People v. Steward* (2018) 20 Cal.App.5th 407, 426 [excess custody credits following Proposition 47 resentencing reduces the PRCS supervision period] and *People v. Warren* (2018) 24 Cal.App.5th 899, 918 [following *Steward*; Proposition 47 resentencing].) The Couzens treatise states: "Although the supervised person may not receive any credit against his maximum supervision period because of the revoked status, the person always is entitled to actual time credit and section 4019 conduct credits against any sentence imposed by the court for the [PRCS] violation. *These credits are earned irrespective of and independently from the period of supervision.* Accordingly, if the court imposed 60 days in custody for a [PRCS] violation, and the defendant has 10 days of actual time in custody while in the revoked status, 20 days will be credited against the 60-day sentence, even though the length of the supervision period is not changed by the revoked status." (Couzens et al, Sentencing Cal. Crimes, Sentencing After Realignment, *supra*, [¶] 11:93, p. 11-186, italics added.)

6

As discussed in *Samuels*, *supra*, 21 Cal.App.5th at p. 968, the Realignment Act "aims to 'reduce[e] recidivism among criminal offenders' and to increase '[i]ntensive community supervision.'" Based on appellant's view of the PRCS statute (§ 3455, subd. (a)), the PRCS recidivist accumulates custody conducts with each flash incarceration and jail sanction, and it collectively shortens the PRCS supervision period. That subverts the entire concept of PRCS supervision.

Appellant is in desperate need of supervision. He has a long history of mental illness, substance abuse (heroin, methamphetamine, and marijuana), and criminal behavior. At age 15, appellant tried to set his mother's house on fire with gasoline, threatened to kill mother's husband, and burglarized the house. Appellant bragged, "I feel like a fucking pirate." He was later arrested for prowling outside his ex-girlfriend's house, and tried to flee with an air soft handgun.

*Disposition*

The judgment (order revoking PRCS and ordering 180 days county jail, and order denying motion to terminate PRCS supervision) is affirmed.

<u>CERTIFIED FOR PUBLICATION.</u>

YEGAN, J.

We concur:

GILBERT, P. J.

PERREN, J.

7

James E. Herman, Judge

Superior Court County of Santa Barbara

_____

Richard B. Lennon, Executive Director, Melissa L. Camacho-Cheung, Staff Attorney, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Zee Rodriguez, Supervising Deputy Attorney General, Paul S. Thies, Deputy Attorney General, for Plaintiff and Respondent.